**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BABY JOGGER, LLC,

     Plaintiff,

     v.

MONAHAN PRODUCTS, LLC, D/B/A
UPPABABY,

     Defendant.

Civil Action No. 1:24-CV-11582-ADB

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED**
**STATEMENT OF MATERIAL FACTS IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT OF EQUITABLE ESTOPPEL**
**<u>AND PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS</u>**

Pursuant to L.R., D. Mass. 56.1, Plaintiff Baby Jogger, LLC ("Baby Jogger" or "Plaintiff") hereby responds to each of the numbered paragraphs in Defendant Monahan Products, LLC d/b/a UPPAbaby's ("UPPAbaby" or "Defendant") Statement of Material Facts in Support of Motion for Summary Judgment of Equitable Estoppel (ECF 43).[1] Baby Jogger further submits these responses in support of its Response in Opposition to Defendant's Motion for Summary Judgment of Equitable Estoppel. The alleged material facts are disputed and/or incomplete as set forth below. Because there are genuine disputes as to material facts, Defendant's Motion for Summary Judgment of Equitable Estoppel ("UPPAbaby's Motion") (ECF 42) must be denied.

UPPAbaby's alleged undisputed material facts are reproduced below, followed by Baby Jogger's response.

## I.     PLAINTIFF'S RESPONSE TO DEFENDANTS PROPOSED STATEMENT OF MATERIAL FACTS

1.      UPPAbaby's accused Rumble Seat was publicly disclosed at the ABC Kids Expo in Las Vegas ("the ABC Tradeshow") in September 2008. Declaration of Trung Phung in Support of Motion for Summary Judgment of Equitable Estoppel ("Phung Decl.") at ¶ 3; ECF No. 31 at p. 27 ¶¶ 12, 14; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  Disputed. The 2008 version of UPPAbaby's RumbleSeat, the UPPAbaby product that was alleged to have been publicly disclosed at the 2008 ABC Tradeshow, is not an accused product. In its March 15, 2016 letter to UPPAbaby, counsel for Baby Jogger specifically clarified which UPPAbaby product was at issue:

> We believe that UPPA's current version of the Rumble Seat - which attaches to the Vista stroller and allows a second seat to attach to the stroller in both a rearward or forward facing direction - is at issue with respect to Baby Jogger's '869 Patent. We understand this product was launched in the 2015 timeframe. The '869 Patent has a priority date of 2008, years before UPPA's launch of this product. While we

---

[1] "RSMF" shall refer to Plaintiff's Response to Defendant's Statement of Material Facts in Support of Motion for Summary Judgment of Equitable Estoppel.

> understand that UPPA may have sold an earlier version of its Rumble Seat in the 2009 timeframe, that seat differed from the current seat in certain key respects, including that it would only allow the second seat to face the rearward direction.

ECF 31-3 at 2; ECF 42-2 at 7. And Baby Jogger has not accused the 2008 version of UPPAbaby's RumbleSeat of infringement in this litigation. ECF 29, ¶¶ 3, 55; *see also* Declaration of Robert J. Leonard in Support of Baby Jogger LLC's Response in Opposition to Defendant's Motion for Summary Judgment of Equitable Estoppel ("Leonard Decl.") ¶ 5 (Ex. 3).

    2.    Both UPPAbaby and Baby Jogger attended the ABC Tradeshow. Phung Decl. at ¶ 5; ECF No. 31 at p. 27 ¶¶ 12, 16; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:** This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, and for purposes of this opposition, Baby Jogger does not dispute that representatives from UPPAbaby and Baby Jogger attended the 2008 ABC Tradeshow.

    3.    Baby Jogger representatives saw the first version of UPPAbaby's Rumble Seat at the ABC Tradeshow. Phung Decl. at ¶ 6; ECF No. 31 at p. 27 ¶¶ 12, 15, 17; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:** This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this is disputed. In response to this allegation in UPPAbaby's Counterclaims, Baby Jogger responded that it lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies this allegations. ECF 32, ¶ 17. Further, none of the evidence cited by UPPAbaby supports this statement. The Phung Decl. at ¶ 6 contains only a conclusory statement with no facts or evidence to support the statement. ECF 31 at p.27, ¶ 12 simple recites a quote from UPPAbaby's December 30, 2015 letter that likewise contains only conclusory statements with no facts or evidence to support the statement. ECF 31 at p.27, ¶ 15 includes an allegations that has no relevance to this disputed fact, alleging that the parties were on "friendly terms in 2008." *See* ECF

32, ¶ 15 (responding that Baby Jogger lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies this allegation). There is no evidence presented that supports the contention that a representative for Baby Jogger saw the first version of UPPAbaby's RumbleSeat at the 2008 ABC Tradeshow.

4.      Three months after seeing UPPAbaby's Rumble Seat at the ABC Tradeshow, Baby Jogger filed the first patent application in the asserted patent family. *See* ECF No. 29-1 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is disputed to the extent it suggests that Baby Jogger filed a patent application after seeing the 2008 version of UPPAbaby's RumbleSeat at the 2008 ABC Tradeshow. For the reasons discussed with respect to RSMF ¶ 3, it is disputed that a representative for Baby Jogger saw the first version of UPPAbaby's RumbleSeat at the 2008 ABC Tradeshow. It is not disputed, however, that Baby Jogger filed U.S. Provisional Patent Application 61/119,920 on December 4, 2008, roughly three months after the ABC Tradeshow. Leonard Decl. ¶ 3, (Ex. 1).

5.      In 2015, seven years after the ABC Tradeshow, the parties were engaged in confidential business discussions unrelated to the asserted patent family. Phung Decl. at ¶ 7; ECF No. 31 at p. 26 ¶¶ 7-8; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is disputed in part. Baby Jogger does not dispute that 2015 is approximately seven years after the 2008 ABC Tradeshow. While Baby Jogger lacks knowledge or information related to the nature of the referenced "confidential business discussions," (ECF 32, ¶ 7), it does not dispute that those discussions were unrelated to the '869 Patent (ECF 31-3 at 2; ECF 32, ¶ 8; ECF 42-2 at 7).

Baby Jogger also does not dispute that the referenced "confidential business discussions" did not related to any of the other four Asserted Patents, which had not yet issued. *See* ECF 29-2 (U.S. Patent No. 9,403,550), 29-3 (U.S. Patent No. 11,192,568), 29-4 (U.S. Patent No. 11,505,231), and 29-5 (U.S. Patent No. 11,878,729).

6.      The discussions ended with no agreement between the parties. Phung Decl. at ¶ 8.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is undisputed.

7.      Following the breakdown in discussions, Baby Jogger sent a letter to UPPAbaby dated December 4, 2015. Phung Decl. at ¶ 9; ECF No. 31-1.

**Baby Jogger's Response:**  Disputed to the extent this statement suggests any connection between the referenced "confidential business discussions" and Baby Jogger's December 4, 2015 letter sent to UPPAbaby related to the '869 Patent. As noted in RSMF ¶ 5, the referenced "confidential business discussions" were unrelated to the Asserted Patents. Baby Jogger does not dispute that it sent a letter to UPPAbaby dated December 4, 2015 notifying UPPAbaby of the '869 Patent and its potential coverage of certain of UPPAbaby's products, such as the Vista Stroller. ECF No. 31-1 at 2; ECF 42-2 at 2; *see also* RSMF ¶ 8. UPPAbaby offers no evidence regarding the date of "the breakdown in discussions" sufficient for it to have *any* connection, no matter how tenuous, with Baby Jogger's December 4, 2015 letter.

8.      The letter stated: "It has come to our attention that UPPA Baby [sic] is selling products, such as the Vista stroller, that may be covered by one or more claims in the '869 patent." ECF No. 31-1.

**Baby Jogger's Response:** Baby Jogger does not dispute that its December 4, 2015 letter to UPPAbaby contains the quoted language. ECF 31-1 at 2; ECF 42-2 at 2.

9.      The letter requested: "Please contact me within the next ten (10) business days to discuss potential resolution of this issue." ECF No. 31-1.

**Baby Jogger's Response:** Baby Jogger does not dispute that its December 4, 2015 letter to UPPAbaby contains the quoted language. ECF 31-1 at 2; ECF 42-2 at 2.

10.     The letter was signed by the Chief Patent Counsel of Baby Jogger's former corporate owner and copied "Laurel Hurd." ECF No. 31-1.

**Baby Jogger's Response:** Disputed as incomplete. Baby Jogger does not dispute that its December 4, 2015 letter to UPPAbaby was signed by Karen Borrelli, VP, Chief Patent Counsel for Newell Brands, Inc. (formerly Newell Rubbermaid Inc.). ECF 31-1 at 2; ECF 42-2 at 2. Baby Jogger disputes that its December 4, 2015 letter to UPPAbaby was sent by a former corporate owner of Baby Jogger. Baby Jogger, LLC is an indirect, wholly owned subsidiary of Newell Brands Inc. which was formerly named Newell Rubbermaid. ECF 2; ECF 32, ¶¶ 6, 25.

11.     UPPAbaby responded to Baby Jogger's letter on December 30, 2015. Phung Decl. at ¶ 9; ECF No. 31-2.

**Baby Jogger's Response:** Undisputed. ECF 31-2 at 2; ECF 42-2 at 4-5.

12.     UPPAbaby stated its position that the infringement claim was unfounded and the patent was invalid, including because Baby Jogger representatives may have stolen the idea from UPPAbaby at the ABC Tradeshow seven years earlier. Phung Decl. at ¶ 9; ECF No. 31-2.

**Baby Jogger's Response:** Disputed as incomplete. Baby Jogger does not dispute that UPPAbaby's December 30, 2015 letter stated its position that Baby Jogger's assertion of potential infringement of one or more claims of the '869 Patent by certain UPPAbaby products was

"unfounded" and that the '869 Patent may be invalid. ECF 31-1 at 1; ECF 31-2 at 2; ECF 42-2 at 2, 4. Baby Jogger further does not dispute that UPPAbaby's December 30, 2015 letter suggested that representatives may have stolen the idea from UPPAbaby, referencing the disclosure of the 2008 version of UPPAbaby's RumbleSeat at the 2008 ABC Tradeshow. ECF 31-2 at 2; ECF 42-2 at 4; *see* RSMF ¶¶ 3-4.

13.    UPPAbaby noted that Laurel Hurd, the person copied on Baby Jogger's letter, "was intimately involved in confidential business discussions with UPPAbaby." ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, Baby Jogger does not dispute that UPPAbaby's December 30, 2015 letter stated: "Indeed, Laurel Hurd, who was copied on your letter, was intimately involved in confidential business discussions with UPPAbaby." ECF 31-2 at 2; ECF 42-2 at 4.

14.    UPPAbaby accused Baby Jogger of engaging in unfair business practices and attempting to disrupt UPPAbaby's business after their business discussions failed. Phung Decl. at ¶ 9; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this is disputed in part. UPPAbaby's December 30, 2015 letter does not expressly accuse Baby Jogger of engaging in unfair business practices. ECF 31-2 at 2-3; ECF 42-2 at 4-5. Instead, UPPAbaby's December 30, 2015 letter simply suggests that it appears Baby Jogger may be engaged in such conduct, stating: "Newell Rubbermaid appears to be engaging in unfair business practices and attempting to disrupt UPPAbaby's business." ECF 31-2 at 2; ECF 42-2 at 4.

15.    The letter explained that UPPAbaby dealt with Baby Jogger's former corporate owner, Newell Rubbermaid, in good faith and that Newell Rubbermaid should do the same:

> UPPAbaby dealt with Newell Rubbermaid in good faith during the prior business discussions. We hope that Newell Rubbermaid will do the same and not attempt to continue to disrupt UPPAbaby's business.

ECF No. 31-2 at p. 3.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is disputed in part. Baby Jogger does not dispute that UPPAbaby's December 30, 2015 letter contains the quoted language. ECF 31-2 at 3; ECF 42-2 at 4. Baby Jogger disputes that Newell Rubbermaid is Baby Jogger's former corporate owner. Baby Jogger, LLC is an indirect, wholly owned subsidiary of Newell Brands Inc. which was formerly named Newell Rubbermaid. ECF 2; ECF 32, ¶¶ 6, 25.

16.    In addition to accusing Baby Jogger of engaging in unfair business practices, UPPAbaby questioned whether "Baby Jogger representatives stole the idea from UPPAbaby" at the ABC Tradeshow seven years earlier in September 2008. Phung Decl. at ¶ 9; ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this is disputed in part as incomplete and misleading. UPPAbaby's December 30, 2015 letter does not expressly accuse Baby Jogger of engaging in unfair business practices. ECF 31-2 at 2-3; ECF 42-2 at 4-5; *see* RSMF ¶ 14. Instead, UPPAbaby's December 30, 2015 letter simply suggests that it appears Baby Jogger may be engaged in such conduct stating: "Newell Rubbermaid appears to be engaging in unfair business practices and attempting to disrupt UPPAbaby's business." ECF 31-2 at 2; ECF 42-2 at 4. Baby Jogger does not dispute that UPPAbaby's December 30, 2015 letter

states: "In addition, to the extent that Baby Jogger representatives stole the idea from UPPAbaby, then the patent is invalid." ECF 31-2 at 2; ECF 42-2 at 4. The "idea" referenced in this statement, however, is the 2008 version of UPPAbaby's RumbleSeat that was not identified as potentially infringing in Baby Jogger's December 4, 2015 letter nor its March 15, 2016 letter, and is not an accused product in this litigation. ECF 31-1 at 2; ECF 31-3 at 2; ECF 42-2 at 2, 7; *see* RSMF ¶ 1. In its March 15, 2016 letter to UPPAbaby, counsel for Baby Jogger specifically clarified which UPPAbaby products were at issue:

> We believe that UPPA's current version of the Rumble Seat - which attaches to the Vista stroller and allows a second seat to attach to the stroller in both a rearward or forward facing direction - is at issue with respect to Baby Jogger's '869 Patent. We understand this product was launched in the 2015 timeframe. The '869 Patent has a priority date of 2008, years before UPPA's launch of this product. While we understand that UPPA may have sold an earlier version of its Rumble Seat in the 2009 timeframe, that seat differed from the current seat in certain key respects, including that it would only allow the second seat to face the rearward direction.

ECF 31-3 at 2; ECF 42-2 at 7; ECF 29, ¶¶ 3, 55; *see also* Leonard Decl. ¶ 5 (Ex. 3).

17.    UPPAbaby explained:

> UPPAbaby's Rumble Seat was publicly disclosed in 2008, including at the ABC Tradeshow in September, 2008, before the earliest application filed by Baby Jogger…Baby Jogger and UPPAbaby were on friendly terms in 2008 and both attended the ABC Tradeshow in September, 2008, where Baby Jogger representatives saw UPPAbaby's Rumble Seat.

ECF No. 31-2 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this is disputed in part. Baby Jogger does not dispute that this language appears in UPPAbaby's December 30, 2015 response to Baby Jogger. ECF 31-2 at 2; ECF 42-2 at 4. Baby Jogger does dispute, however, the substance of these several statements as not supported by any evidence. First, Baby Jogger disputes the suggestion that there is any relationship between the alleged disclosure

of the 2008 version of UPPAbaby's RumbleSeat and Baby Jogger's U.S. Patent Provisional Application No. 61/119,920 filed on December 4, 2008, as this statement is not supported by any cited evidence. ECF 29, ¶ 57; ECF 31, ¶ 57. Baby Jogger further disputes that the 2008 version of UPPAbaby's RumbleSeat, the UPPAbaby product that was alleged to have been publicly disclosed at the 2008 ABC Tradeshow, is not an accused product, nor is it alleged to be covered by Baby Jogger's U.S. Patent Provisional Application No. 61/119,920. In its March 15, 2016 letter to UPPAbaby, counsel for Baby Jogger specifically clarified which UPPAbaby product was at issue:

> We believe that UPPA's current version of the Rumble Seat - which attaches to the Vista stroller and allows a second seat to attach to the stroller in both a rearward or forward facing direction - is at issue with respect to Baby Jogger's '869 Patent. We understand this product was launched in the 2015 timeframe. The '869 Patent has a priority date of 2008, years before UPPA's launch of this product. While we understand that UPPA may have sold an earlier version of its Rumble Seat in the 2009 timeframe, that seat differed from the current seat in certain key respects, including that it would only allow the second seat to face the rearward direction.

ECF 31-3 at 2; ECF 42-2 at 7. And Baby Jogger has not accused the 2008 version of UPPAbaby's RumbleSeat of infringement in this litigation. ECF 29, ¶¶ 3, 55; *see also* Leonard Decl. ¶ 5 (Ex. 3).

The statement that "Baby Jogger and UPPAbaby were on friendly terms in 2008" is not a material fact to UPPAbaby's Motion and is not support by any cited evidence and is thus disputed. The statement that both UPPAbaby and Baby Jogger attended the 2008 ABC Tradeshow is not disputed for purposes of this opposition, though this alleged fact is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. *See* RSMF ¶ 2. Finally, the statement that Baby Jogger saw UPPAbaby's RumbleSeat at the 2008 ABC Tradeshow is not supported by any cited evidence and is thus disputed. *See* RSMF ¶ 3.

18.    Following UPPAbaby's letter, Baby Jogger did not sue UPPAbaby for patent infringement. ECF No. 31 at p. 27 ¶ 21; ECF No. 32 at p. 3 ¶ 21.

**Baby Jogger's Response:**  Disputed. Baby Jogger filed its original Complaint for patent infringement against UPPAbaby on June 18, 2024 (ECF 1) (and its First Amended Complaint for patent infringement against UPPAbaby on September 27, 2024 (ECF 29)), each of which occurred following UPPAbaby's December 30, 2015 letter. Further, the cited evidence does not support this statement. Baby Jogger does not dispute, however, that it did not file a complaint for patent infringement against UPPAbaby between UPPAbaby's December 30, 2015 letter and Baby Jogger's March 15, 2016 letter.

19.    Instead, Baby Jogger sent a second letter to UPPAbaby dated March 15, 2016 (about three months after the 2015 letters). Phung Decl. at ¶ 10; ECF No. 31-3.

**Baby Jogger's Response:**  Undisputed that Baby Jogger sent the cited March 15, 2016 letter and did not file suit against UPPAbaby prior to that. ECF 31-3; ECF 42-2 at 7-8; *see* RSMF ¶ 18.

20.    In the second letter, Baby Jogger did not expressly deny UPPAbaby's allegation of unfair business practices. Phung Decl. at ¶ 10; ECF No. 31-3 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is disputed. In Baby Jogger's March 15, 2016 letter to UPPAbaby, it directly addressed and refuted UPPAbaby's allegation of unfair business practices. ECF 31-3 at 2; ECF 42-2 at 7. Baby Jogger stated:

> I'd first like to address your concerns regarding the companies' prior business dealings. The current matter relates to intellectual property and is unrelated to those discussions. Baby Jogger simply values its innovations and must protect its intellectual property. Our investigation has been based solely on publicly available information. Nonetheless, should you have any remaining specific concerns, I am happy to discuss.

*Id.*; *see also* RSMF ¶ 21.

21.    Baby Jogger stated: "The current matter relates to intellectual property and is unrelated to those discussions." ECF No. 31-3 at p. 2.

**Baby Jogger's Response:**  Baby Jogger does not dispute that its March 15, 2016 letter to UPPAbaby contains the quoted language. ECF 31-3 at 2; ECF 42-2 at 7. This statement was made in the context of refuting UPPAbaby's allegation that Baby Jogger "appears to be engaging in unfair business practices…." *See* RSMF ¶ 20.

22.    Similarly, Baby Jogger did not expressly deny UPPAbaby's question as to whether "Baby Jogger representatives stole the idea from UPPAbaby" seven years earlier. Phung Decl. at ¶ 10; ECF No. 31-3 at p. 2.

**Baby Jogger's Response:**  This statement is not material to the issues in UPPAbaby's Motion as it has no relevance to its defense of equitable estoppel. Subject to this objection, this statement is disputed. In Baby Jogger's March 15, 2016 letter to UPPAbaby, it directly addressed and refuted UPPAbaby's suggestion that Baby Jogger representatives may have stolen the idea from UPPAbaby seven years earlier. ECF 31-3 at 2; ECF 42-2 at 7. Baby Jogger explained that the 2008 version of UPPAbaby's RumbleSeat was not at issue and differed significantly from the 2015 version of UPPAbaby's RumbleSeat. *Id*. More specifically, Baby Jogger's March 15, 2016 letter stated:

> Next, I'd like to clarify which UPPAbaby products are at issue. We believe that UPPA's current version of the Rumble Seat – which attaches to the Vista stroller and allows a second seat to attach to the stroller in both a rearward or forward facing direction - is at issue with respect to Baby Jogger's '869 Patent. We understand this product was launched in the 2015 timeframe. The '869 Patent has a priority date of 2008, years before UPPA's launch of this product. While we understand that UPPA may have sold an earlier version of its Rumble Seat in the 2009 timeframe, that seat differed from the current seat in certain key respects, including that it would only allow the second seat to face the rearward direction.

*Id*.; *see also* RSMF ¶¶ 1, 16-17.

23.     Baby Jogger stated: "While we understand that UPPAbaby may have sold an earlier version of its Rumble Seat in the 2009 timeframe, that seat differed from the current seat in certain key respects." ECF No. 31-3 at p. 2.

**Baby Jogger's Response:**  Baby Jogger does not dispute that its March 15, 2016 letter to UPPAbaby contains the quoted language. ECF 31-3 at 2; ECF 42-2 at 7. This statement was made in the context of refuting UPPAbaby's suggestion that Baby Jogger's representatives may have stolen an idea from UPPAbaby. *See* RSMF ¶ 22.

24.     Further, in this final letter Baby Jogger did not expressly allege infringement. Phung Decl. at ¶ 10; ECF No. 31-3 at p. 2.

**Baby Jogger's Response:**  Undisputed. ECF 31-3 at 2-3; ECF 42-2 at 7-8.

25.     Unlike Baby Jogger's first letter that requested a response within 10 days, Baby Jogger's second letter did not call for a response. It concluded: "I hope the above provides some additional clarity. I look forward to working together towards a resolution." Phung Decl. at ¶ 10; ECF No. 31-3 at p. 3.

**Baby Jogger's Response:**  Disputed. Baby Jogger disputes that its March 15, 2016 letter did not call for a response. Baby Jogger's March 15, 2016 letter specifically addressed and refuted issues raised in UPPAbaby's December 30, 2015 letter (ECF 31-2 at 2-3; ECF 42-2 at 4-5), and then ended with an express invitation for UPPAbaby to respond, stating: "I look forward to working together towards a resolution." ECF 31-3 at 3; ECF 42-2 at 8. Baby Jogger's March 15, 2016 letter also offered to discuss "any remaining specific concerns" with UPPAbaby. ECF 31-3 at 3; ECF 42-2 at 8.

26.    Baby Jogger has admitted that "Baby Jogger took no action against UPPAbaby following the 03/15/2016 Letter until filing the complaint in this action on June 18, 2024" and "June 18, 2024 is over eight years after March 15, 2016":

> 23.    Baby Jogger took no action against UPPAbaby following the 03/15/2016 Letter until filing the complaint in this action on June 18, 2024.
>
> 24.    June 18, 2024 is over eight years after March 15, 2016.
>
> 23.    Admitted.
>
> 24.    Admitted.

ECF No. 31 at p. 28 ¶¶ 23-24 (highlight added); ECF No. 32 at p. 3 ¶¶ 23-24 (highlight added).

**Baby Jogger's Response:**  Undisputed.

27.    Baby Jogger admitted that neither its former nor current corporate owner filed a complaint against UPPAbaby following the March 15, 2016 letter ("Baby Jogger admits that Newell Rubbermaid did not file a Complaint against UPPAbaby following the March 15, 2016 letter") ("Baby Jogger admits that Newell Brands Inc. did not file a Complaint against UPPAbaby following the March 15, 2016 letter"). ECF No. 32 at pp. 3-4 ¶¶ 21, 28.

**Baby Jogger's Response:**  Disputed in part. Baby Jogger disputes that Newell Rubbermaid is Baby Jogger's former corporate owner. Baby Jogger, LLC is an indirect, wholly owned subsidiary of Newell Brands Inc. which was formerly named Newell Rubbermaid. ECF 2; ECF 32, ¶¶ 6, 25. Baby Jogger does not dispute that Newell Brands Inc. (formerly named Newell Rubbermaid) did not file a patent infringement complaint against UPPAbaby following the March 15, 2016 letter. ECF 31 at p.27, ¶¶ 21, 28; ECF 32, ¶ 21; ECF 32, ¶ 28.

28.    Baby Jogger admitted that neither it nor its current corporate owner sent any formal written communications to UPPAbaby following the March 15, 2016 letter. ECF No. 32 at p. 4 ¶

26 ("Baby Jogger admits that it or Newell Brands Inc. did not send any formal written communications to UPPAbaby following the March 15, 2016 letter").

**Baby Jogger's Response:**  Undisputed. ECF 31 at p.28, ¶ 26; ECF 32, ¶ 26.

29.     This eight-year-period of inaction is despite Baby Jogger's admitted knowledge that "UPPAbaby continued to manufacture, sell and offer to sell its Vista and RumbleSeat products after the 03/15/2016 Letter." ECF No. 31 at p. 28 ¶ 31; ECF No. 32 at p. 4 ¶ 31 ("Admitted.").

**Baby Jogger's Response:**  Undisputed.

30.     Due to Baby Jogger's years of inaction, UPPAbaby reasonably believed that Baby Jogger did not intend to enforce its patent against the Vista stroller and Rumble Seat. Phung Decl. at ¶ 18.

**Baby Jogger's Response:**  Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung and there is no evidence cited to support UPPAbaby's "reasonable belief" regarding what Baby Jogger intended to do. Moreover, the few pieces of terse correspondence do not support UPPAbaby coming to the purported "reasonable belief" that Baby Jogger did not ever intend to enforce the '869 Patent against the Vista stroller and RumbleSeat. *See* ECF 31-1, 31-2, 31-3, 42-2.

31.     Because Baby Jogger's response did not expressly deny the claim or mention infringement again, UPPAbaby reasonably believed that it had convinced Baby Jogger not to sue. Phung Decl. at ¶ 13.

**Baby Jogger's Response:**  Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung and there is no evidence cited to support that UPPAbaby "reasonably believed" that it had convinced Baby Jogger not to sue. Moreover, as addressed above, Baby Jogger did address and refute UPPAbaby's concerns in its

March 15, 2016 letter. ECF 31-3 at 2; ECF 42-2 at 7; *see* RSMF ¶¶ 16-17, 20, 22. Moreover, the few pieces of terse correspondence do not support UPPAbaby coming to the purported reasonable belief that it had convinced Baby Jogger not to bring suit on the '869 Patent.

32.    UPPAbaby's Vista stroller is on its third generation (V3) and the Rumble Seat is on its third generation (V3), representing several opportunities for redesign of future generations if Baby Jogger had taken action sooner. Phung Decl. at ¶ 19.

**Baby Jogger's Response:**    Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung.

33.    Since 2015, sales of the Rumble Seat have increased approximately 3-4 fold in number of units sold per year, resulting in millions of dollars in additional sales. Phung Decl. at ¶ 20.

**Baby Jogger's Response:**    Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung.

34.    UPPAbaby has spent millions of dollars in research and development (R&D) costs between the 2015 version that Baby Jogger accused of infringement eight years ago and the current version (V3). Phung Decl. at ¶ 21.

**Baby Jogger's Response:**    Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung. Further, prior to Baby Jogger's December 4, 2015 letter (ECF 31-1 at 2; ECF 42-2 at 2), UPPAbaby had already released a version of the accused product. ECF 29, ¶ 63; ECF 31 at p.10, ¶ 63; *see* RSMF ¶ 1.

35.    This includes R&D costs such as prototyping, tooling, third party testing, and in-house staff time spent on R&D. Phung Decl. at ¶ 22.

**Baby Jogger's Response:** Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung. Further, prior to Baby Jogger's December 4, 2015 letter (ECF 31-1; ECF 42-2 at 2), UPPAbaby had already released a version of the accused product. ECF 29, ¶ 63; ECF 31 at p.10, ¶ 63; *see* RSMF ¶ 1.

36.    In addition, UPPAbaby has spent hundreds of thousands of dollars marketing changes in the accused products each time they underwent an update or redesign to a subsequent version. Phung Decl. at ¶ 23.

**Baby Jogger's Response:** Disputed. This statement is not supported by citation to evidence other than the conclusory statement by Trung Phung. Further, prior to Baby Jogger's December 4, 2015 letter (ECF 31-1; ECF 42-2 at 2), UPPAbaby had already released a version of the accused product. ECF 29, ¶ 63; ECF 31 at p.10, ¶ 63; *see* RSMF ¶ 1.

## II.    <u>DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS</u>

In addition to the foregoing responses, and pursuant to L.R., D. Mass. 56.1, Baby Jogger also provides the following statement of additional material facts. Baby Jogger believes that these facts should be undisputed and preclude UPPAbaby's Motion for Summary Judgment of Equitable Estoppel. Even if UPPAbaby disputes any of the following additional material facts, such a dispute would also preclude granting UPPAbaby's Motion.

1.    Baby Jogger filed U.S. Patent Provisional Application No. 61/119,920 (the "'920 Application") on December 4, 2008. Leonard Decl., ¶ 3 (Ex. 1).

2.    U.S. Patent No. 8,955,869 (the "'869 Patent") issued on February 17, 2015. ECF 29-1 at 2.

3.    U.S. Patent No. 9,403,550 (the "'550 Patent") issued on August 2, 2016. ECF 29-2 at 2.

4.      U.S. Patent No. 11,192,568 (the "'568 Patent") issued on December 7, 2021. ECF 29-3 at 2.

5.      U.S. Patent No. 11,505,231 (the "'231 Patent") issued on November 22, 2022. ECF 29-4 at 2.

6.      U.S. Patent No. 11,878,729 (the "'729 Patent") issued on January 23, 2024. ECF 29-5 at 2.[2]

7.      Each of the Asserted Patents claim priority to the '920 Application. ECF 29-1 at 2; ECF 29-2 at 2; ECF 29-3 at 3; ECF 29-4 at 3; ECF 29-5 at 3.

8.      On December 4, 2015, Baby Jogger sent a letter to UPPAbaby notifying it of the '869 Patent. ECF 31-1 at 2; ECF 42-2 at 2.

9.      In Baby Jogger's December 4, 2015 letter, Baby Jogger stated: "It has come to our attention that UPPA Baby is selling products, such as the Vista stroller, that may be covered by one or more claims in the '869 patent." ECF 31-1 at 2; ECF 42-2 at 2.

10.     Baby Jogger's December 4, 2015 letter invited UPPAbaby to discuss a potential resolution of the issue of its potential infringement of the '869 Patent. ECF 31-1 at 2; ECF 42-2 at 2.

11.     Baby Jogger's December 4, 2015 letter did not threaten litigation against UPPAbaby. ECF 31-1 at 2; ECF 42-2 at 2.

12.     Baby Jogger's December 4, 2015 letter did not threaten immediate or vigorous enforcement of Baby Jogger's rights in the '869 Patent. ECF 31-1 at 2; ECF 42-2 at 2.

---

[2] "Asserted Patents" refers collectively to the '869 Patent, the '550 Patent, the '568 Patent, the '231 Patent, and the '729 Patent.

13.     Baby Jogger's December 4, 2015 letter did not accuse the 2008 version of UPPAbaby's RumbleSeat of infringing the '869 Patent. ECF 31-1 at 2; ECF 42-2 at 2.

14.     On December 18, 2015, Baby Jogger sent counsel for UPPAbaby an email, including a chart with "more detail on the features that we are concerned about." Leonard Decl. ¶ 4 (Ex. 2).

15.     Baby Jogger's December 18, 2015 email stated: "I look forward to working with you to resolve this issue. Please let me know if you need anything further." Leonard Decl. ¶ 4 (Ex. 2).

16.     Baby Jogger's December 18, 2015 email did not threaten litigation against UPPAbaby. Leonard Decl. ¶ 4 (Ex. 2).

17.     Baby Jogger's December 18, 2015 email did not threaten immediate or vigorous enforcement of Baby Jogger's rights in the '869 Patent. Leonard Decl. ¶ 4 (Ex. 2).

18.     Baby Jogger's December 18, 2015 email did not accuse the 2008 version of UPPAbaby's RumbleSeat of infringing the '869 Patent. Leonard Decl. ¶ 4 (Ex. 2).

19.     Baby Jogger sent UPPAbaby a second letter on March 15, 2016 responding to its December 30, 2015 letter. ECF 31-3 at 2-3; ECF 42-2 at 7-8.

20.     Baby Jogger's March 15, 2016 letter invited UPPAbaby to contact Baby Jogger if it had any further concerns related to the companies' unrelated business discussions referenced in UPPAbaby's December 30, 2015 letter. ECF 31-3 at 2; ECF 42-2 at 7.

21.     Baby Jogger's March 15, 2016 letter specifically informed UPPAbaby that the product at issue was UPPAbaby's current version of the Rumble Seat that was launched in 2015. ECF 31-3 at 2; ECF 42-2 at 7.

22.    Baby Jogger's March 15, 2016 letter distinguished the original, earlier version of UPPAbaby's RumbleSeat with the 2015 version of UPPAbaby's RumbleSeat. Baby Jogger's March 15, 2016 letter stated:

> While we understand that UPPA may have sold an earlier version of its Rumble Seat in the 2009 timeframe, the seat differed from the current seat in certain key respects, including that it would only allow the second seat to face the rearward direction.

ECF 31-3 at 2; ECF 42-2 at 7.

23.    Baby Jogger's March 15, 2016 letter did not threaten litigation against UPPAbaby. ECF 31-3 at 2-3; ECF 42-2 at 7-8.

24.    Baby Jogger's March 15, 2016 letter did not threaten immediate or vigorous enforcement of Baby Jogger's rights in the '869 Patent. ECF 31-3 at 2-3; ECF 42-2 at 7-8.

25.    Baby Jogger's March 15, 2016 letter again invited UPPAbaby to discuss a potential resolution of the issue of its potential infringement of the '869 Patent. ECF 31-3 at 3; ECF 42-2 at 8.

26.    At the time of Baby Jogger's March 15, 2016 letter, the '869 Patent was the only Asserted Patent that had issued. ECF 29-1 at 2; ECF 29-2 at 2; ECF 29-3 at 2; ECF 29-4 at 2; ECF 29-5 at 2.

27.    Prior to Baby Jogger's December 4, 2015 letter, UPPAbaby had already released its 2015 versions of its Vista Stroller and RumbleSeat. ECF 29, ¶ 63; ECF 31 at p.10, ¶ 63.

Respectfully submitted,

Dated:  January 24, 2025

/s/ *Robert J. Leonard*
Wendy K. Venoit (BBO No. 568657)
Michael M. Filbin (BBO No. 705341)
**COZEN O'CONNOR**
200 State Street, Suite 1105

Boston, MA 02109
Telephone: (617) 849-5002
wvenoit@cozen.com
mfilbin@cozen.com

John W. Harbin (Admitted *pro hac vice*)
Georgia State Bar No. 324130
Gregory J. Carlin (Admitted *pro hac vice*)
Georgia State Bar No. 455865
Walter Hill Levie III (Admitted *pro hac vice*)
Georgia State Bar No. 415569
Robert J. Leonard (Admitted *pro hac vice*)
Georgia State Bar No. 303694
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree Street N.E., Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707
jharbin@mcciplaw.com
gcarlin@mcciplaw.com
tlevie@mcciplaw.com
rleonard@mcciplaw.com

*Attorneys for Plaintiff Baby Jogger, LLC*

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.  Any other counsel of record will receive the foregoing via e-mail in PDF format.


/s/ *Robert J. Leonard*
Robert J. Leonard