# EXHIBIT K

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) |
| **John Hee Lee, et al.** | ) Confirmation No.: **8011** |
| Application No.: **15/912,901** | ) Art Unit: **3618** |
| Filed: **March 6, 2018** | ) Examiner: **James M. Dolak** |
| For: **Removable Seat Attachment for a Stroller** | ) |

## AMENDMENT AND RESPONSE TO NON-FINAL OFFICE ACTION

**Via EFS-Web**
**Mail Stop Amendment**
Commissioner for Patents
Alexandria, VA 22313-1450

Dear Examiner Dolak:

Responsive to the Non-final Office Action dated May 2, 2019, Applicant submits the following amendments and remarks. In light of these amendments to the claims and in view of the submitted remarks, Applicant respectfully asserts that all of the claims of the patent application are patentable, and that the application be allowed.

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Specification** begin on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 4 of this paper.

**Remarks** begin on page 10 of this paper.

---

I hereby certify that this correspondence is being electronically filed via EFS-WEB to Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, Attn: Examiner Dolak, GAU 3618, on **August 2, 2019**.

                                          /James M. Hannon/
                                            James M. Hannon
                                            Reg. No. 48,565

U.S. Patent Application Serial No.: 15/912,901

## AMENDMENTS TO THE DRAWINGS

Please enter the amended drawings as described below. These amendments to the drawings are supported by the specification and drawings as filed and do not introduce new matter.

Figure 8A has been amended to show the claimed first end and second end of the handle in claim 12 and the end of the first and second upper tube support frames in claims 14 and 18. The amendments to Figure 8A are supported by the specification and drawings, as filed, do not introduce new matter. A replacement sheet for Figure 8A is being filed together with this preliminary amendment.

BJvU-0002220

U.S. Patent Application Serial No.: 15/912,901

## AMENDMENTS TO THE SPECIFICATION

Please amend the specification as shown below. The amendments to the specification are supported by the application as-filed and do not introduce new matter.

**Please amend the first full paragraph beginning on page 12 of the specification that begins "In one example embodiment, the stroller frame 81 can include a pair of front wheel support frames" as follows.**

In one example embodiment, the stroller frame 81 can include a pair of front wheel support frames 81a (only the left front wheel support frame is shown), a pair of back wheel support frames 81b (only the left back wheel support frame is shown), a pair of upper tube support frames 81c (only the left upper tube support frame is shown), a handle portion 81d having a first end <u>77a</u> coupled to the <u>end 79a of the</u> left upper tube support frame 81c and a distal second end <u>77b (only the first end 77a of the handle portion 81d is shown)</u> coupled to the <u>end 79b of the</u> right upper tube support frame 81c <u>(only the left upper tube support frame is shown)</u>, and foot rest support frame 81f having a first end coupled to the left front wheel support frame 81a (either directly or via the first seat attachment housing 1105 discussed below in Figure 11) and a distal second end coupled to the right front wheel support frame 81a (either directly of via the second seat attachment housing 1110 discussed below in Figure 11). In certain example embodiments, each front wheel support frame 81a can be fixedly coupled or rotatably coupled to its corresponding upper tube support frame 81c. Further, in certain example embodiments, the left upper tube support frame 81c, handle 81d, and right upper tube support frame 81c can be made from a single unitary piece of material, such as a single piece of bent, hollow-core metal or plastic tubing. Alternatively, each of the left upper tube support frame 81c, handle 81d, and right upper tube support frame 81c can be separate pieces of the same or different material that are coupled to one another.

BJvU-0002221

U.S. Patent Application Serial No.: 15/912,901

## AMENDMENTS TO THE CLAIMS

Please amend the claims as shown below. This listing of claims will replace all prior versions and listing of claims for this application.

1.   (Currently Amended)  A stroller, comprising:

a stroller frame;

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled to the stroller frame at a first vertical position of the stroller frame ~~and configured to hold a first child in the stroller~~;

a first seat attachment adapter <u>removably</u> coupled to the stroller frame at a second vertical position of the stroller frame that is below the first vertical position;

a second seat attachment adapter <u>removably</u> coupled to the stroller frame at a third vertical position of the stroller frame that is below the first vertical position;

wherein a second seat is ~~configured to be~~ removably coupled to the first seat attachment adapter and the second seat attachment adapter <u>to positioned the second seat at a fourth vertical position that is below the first vertical position</u>.

2-3.   (Canceled)

4.   (Previously Presented)  The stroller of claim 1, wherein each of the first seat attachment adapter and the second seat attachment adapter has a first end and a distal second end.

5.   (Canceled)

6.   (Previously Presented)  The stroller of claim 4, wherein the second end is releasably connected to the second seat.

7.   (Currently Amended)  The stroller of claim [[3]]<u>1</u>, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

BJvU-0002222

U.S. Patent Application Serial No.: 15/912,901

8. (Original) The stroller of claim 1, further comprising:

a third seat attachment adapter coupled to the stroller frame at the first vertical position; and

a fourth seat attachment adapter coupled to the stroller frame at the first vertical position;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

9. (Original) The stroller of claim 1, wherein the second vertical position and the third vertical position are at a same vertical height.

10. (Currently Amended) The stroller of claim 1, wherein the stroller frame comprises:

a first upper tube support frame;

a second upper tube support frame;

a first front wheel support frame rotatable ~~configured to rotate~~ with respect to the first upper tube support frame;

a second front wheel support frame rotatable ~~configured to rotate~~ with respect to the second upper tube support frame;

a first back wheel support frame rotatable ~~configured to rotate~~ with respect to the first upper tube support frame; and

a second back wheel support frame rotatable ~~configured to rotate~~ with respect to the second upper tube support frame.

11. (Currently Amended) The stroller of claim 10, wherein the first seat is coupled along the first upper tube support frame and the second upper tube support frame, wherein the first seat attachment adapter is removably coupled to the first front wheel support frame, and wherein the second seat attachment adapter is removably coupled to the second front wheel support frame.

12. (Original) The stroller of claim 10, further comprising a handle comprising a first end coupled to the first upper tube support frame and a distal second end coupled to the second upper tube support frame.

BJvU-0002223

13.    (Canceled)

14.    (Currently Amended)  A stroller, comprising:

a stroller frame comprising:

   a first upper tube support frame;

   a second upper tube support frame;

   a first front wheel support frame rotatable ~~configured to rotate~~ with respect to the first upper tube support frame;

   a second front wheel support frame rotatable ~~configured to rotate~~ with respect to the second upper tube support frame;

   at least one back wheel support frame; and

   a stroller handle provided along an end of the first upper tube support frame and the second upper tube support frame;

a first front wheel operably coupled to the first front wheel support frame;

a second front wheel operably coupled to the second front wheel support frame;

a plurality of back wheels operably coupled to the at least one back wheel support frame;

a first seat operably coupled along the first upper tube support frame and the second upper tube support frame ~~and configured to hold a first child in the stroller~~;

a first seat attachment adapter removably coupled [[to]]along the first front wheel support frame;

a second seat attachment adapter removably coupled [[to]]along the second front wheel support frame; and

a second seat removably coupled to the first seat attachment adapter and the second seat attachment adapter ~~and configured to hold a second child in the stroller~~.

15.    (Original)  The stroller of claim 14, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

16.    (Original) The stroller of claim 14, wherein the first seat is removably coupled along the stroller frame.

U.S. Patent Application Serial No.: 15/912,901

17.   (Original)  The stroller of claim 14, further comprising:

a third seat attachment adapter coupled to the first upper tube support frame; and

a fourth seat attachment adapter coupled to the second upper tube support frame;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.


18.   (Currently Amended)  A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a front wheel support frame <u>rotatable</u><s>configured to rotate</s> with respect to the first upper tube support frame and the second upper tube support frame;

at least one back wheel support frame; and

a stroller handle provided along an end of the first upper tube support frame and an end of the second upper tube support frame;

at least one front wheel operably coupled to the front wheel support frame;

at least one back wheel operably coupled to the at least one back wheel support frame;

a first seat attachment adapter <u>removably</u> coupled [[to]]<u>along</u> the front wheel support frame;

a second seat attachment adapter <u>removably</u> coupled [[to]]<u>along</u> the front wheel support frame;

a third seat attachment adapter coupled to the first upper tube support frame;

a fourth seat attachment adapter coupled to the second upper tube support frame;

a first seat removably coupled along the third seat attachment adapter and the fourth seat attachment adapter <s>and configured to hold a first child in the stroller</s>; and

a second seat removably coupled to the first seat attachment adapter and the second seat attachment adapter <s>and configured to hold a second child in the stroller</s>.


19.   (Original)  The stroller of claim 18, wherein the at least one back wheel support frame is rotatable with respect to the first upper tube support frame and the second upper tube support frame.

7

U.S. Patent Application Serial No.: 15/912,901

20. (Canceled)

21. (New) The stroller of claim 10, further comprising:

a first seat attachment housing disposed along the first front wheel support frame: and

a second seat attachment housing disposed along the second front wheel support frame;

wherein the first seat is coupled along the first upper tube support frame and the second upper tube support frame, wherein the first seat attachment adapter is removably coupled to the first seat attachment housing, and wherein the second seat attachment adapter is removably coupled to the second seat attachment housing.

22. (New) The stroller of claim 10, further comprising:

a first seat attachment housing disposed in the first front wheel support frame: and

a second seat attachment housing disposed in the second front wheel support frame;

wherein the first seat attachment adapter is removably coupled to the first seat attachment housing, and wherein the second seat attachment adapter is removably coupled to the second seat attachment housing.

23. (New) The stroller of claim 14, further comprising:

a first seat attachment housing disposed along the first front wheel support frame: and

a second seat attachment housing disposed along the second front wheel support frame;

wherein the first seat attachment adapter is removably coupled to the first seat attachment housing, and the second seat attachment adapter is removably coupled to the second seat attachment housing.

24. (New) The stroller of claim 14, further comprising:

a first seat attachment housing disposed in the first front wheel support frame: and

a second seat attachment housing disposed in the second front wheel support frame;

wherein the first seat attachment adapter is removably coupled to the first seat attachment housing, and wherein the second seat attachment adapter is removably coupled to the second seat attachment housing.

25. (New) The stroller of claim 18, further comprising:

BJvU-0002226

U.S. Patent Application Serial No.: 15/912,901

    a first seat attachment housing disposed along the front wheel support frame: and

    a second seat attachment housing disposed along the front wheel support frame;    wherein the first seat attachment adapter is removably coupled to the first seat attachment housing, and the second seat attachment adapter is removably coupled to the second seat attachment housing.

BJvU-0002227

U.S. Patent Application Serial No.: 15/912,901

## REMARKS

Applicant and the undersigned thank Examiner Dolak for the careful review of this application. In the Office Action, claims 1-4, 6-12 and 14-19 were rejected. Claims 1, 7, 10, 11, 14, and 18 have been amended herein. Claims 2 and 3 have been canceled herein without prejudice to or disclaimer of the subject matter therein. Claims 21-25 have been added herein. The amendments to the claims, drawings, and specification are supported by the specification and drawings as-filed and do not introduce new matter. Upon entry of these amendments, claims 1, 4, 6-12, 14-19, and 21-25 remain pending in the application, with claims 1, 14, and 18 being independent claims. In view of these amendments and remarks, Applicant respectfully asserts that the rejections are now made moot and reconsideration and allowance of the application is respectfully requested.

Unless explicitly stated otherwise, none of the amendments to the claims were made for reasons substantially related to the statutory requirements for patentability. Furthermore, unless otherwise stated, the amendments to the claims were made simply to express that which had been implicit in the claims as originally worded and therefore, are not narrowing amendments that would create any prosecution history estoppel.

### I. Drawing Objections

The drawings were objected to under 37 C.F.R. § 1.83(a) for not showing every feature of the invention specified in the claims. Specifically, the Examiner objected to the drawings not including reference numbers for the first and second ends of the handle, as recited in claim 12, and the ends of the first and second upper tube support frames, as recited in claims 14 and 18. While Applicant disagrees that all elements must be designated with a reference number in the drawings, Applicant has amended the drawings to include reference numbers for these particular elements. Figure 8A has been amended to include reference numerals for the identified elements. The amendments to Figure 8A do not introduce new matter. A replacement sheet for Figure 8A is being submitted with this response. In response to the amendments to Figure 8A, the specification has also been amended to include the new reference numbers. No new matter is introduced by way of the amendments to the specification. Accordingly, Applicant respectfully requests that the objection to the drawings be withdrawn.

BJvU-0002228

**II.    Claim Rejections Under 35 U.S.C. §112**

Claims 1-4, 6-12, and 14-19 were rejected under 35 U.S.C. §112(b) for failing to particularly point out and distinctly claim the subject matter which the inventor regards as the invention. More specifically, the Examiner appears to object to the user of the phrase "configured to". While Applicant disagrees with the Examiner's assertion that such language is indefinite and not a positive limitation, Applicant notes that this rejection is moot in view of the amendments. The language alleged to be indefinite in the claims has not been removed because the rejection is proper, but solely to move forward the prosecution of this case. Applicant reserves the right to reintroduce such "configured to" language in this or any continuation or divisional application and will address any further objections to that language, including pointing out the number of areas where the MPEP supports the use of this language, at that time. Accordingly, Applicant respectfully requests reconsideration and withdrawal of the rejection of claims 1-4, 6-12, and 14-19 under 35 U.S.C. §112(b).

**III.    Claim Rejections Under 35 U.S.C. §102**

Claims 1-4 and 7-10 are rejected under 35 U.S.C. §102(b) as being anticipated by U.S. Patent Application Publication No. 7,475,900 to Cheng ("Cheng"). Claims 2 and 3 have been canceled herein without prejudice to or disclaimer of the subject matter therein. Therefore, the rejection of claims 2 and 3 is moot. The rejection of the pending claims is traversed.

The rejection of independent claims 1, 4, and 7-10 is traversed. "A person shall be entitled to a patent unless … (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country before the invention thereof by the applicant for a patent." 35 U.S.C. §102(a). The U.S. Patent and Trademark Office has the burden under 35 U.S.C. §102 to establish a *prima facie* case of anticipation. A *prima facie* case is made out under 35 U.S.C. §102 if, within 1 year of the filing date, the invention, or an obvious variant thereof, is described in a "printed publication" whose authorship differs in any way from the inventive entity. *In re Katz,* 687 F.2d 450 (CCPA 1982). "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987). "The identical invention must be shown in as complete detail as is contained in the … claim." *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989) (emphasis added).

11

U.S. Patent Application Serial No.: 15/912,901

Furthermore, the <u>elements must be arranged as required by the claim</u>. *In re Bond*, 910 F.2d 831 (Fed. Cir. 1990). Applicant submits that Cheng fails to teach or suggest each and every element of independent claims 1. Accordingly, Applicant asserts that Cone fails to satisfy the requirements for a *prima facie* case of anticipation with regard to the independent claim.

 A. <u>Independent Claim 1</u>

 While Applicant believes that claim 1, as originally presented, is patentable over the cited art of record, Applicant has amended claim 1 to move forward prosecution of this case. Specifically, claim 1 has been amended to recite, in pertinent part, "a first seat attachment adapter <u>removably</u> coupled to the stroller frame at a second vertical position of the stroller frame that is below the first vertical position; a second seat attachment adapter <u>removably</u> coupled to the stroller frame at a third vertical position of the stroller frame that is below the first vertical position; wherein a second seat is ~~configured to be~~ removably coupled to the first seat attachment adapter and the second seat attachment adapter<u> to position the second seat at a fourth vertical position that is below the first vertical position</u>". (Amendments shown). Applicant asserts that Cheng fails to teach or suggest, inter alia, the first and second seat attachment adapters being removably coupled to the stroller frame, and the second seat being positioned at a fourth vertical position that is below the first vertical position of first seat, as recited in claim 1.

 Cheng appears to be generally directed to a baby stroller frame for connecting two seats to the stroller frame. *See* Cheng, Abstract. With reference to Figure 4 of Cheng, which is relied upon by the Examiner, Cheng teaches "a pair of front extension arms (411) and a pair of rear extension arms (412)." Cheng, col. 3:23-25. Cheng further teaches that "the front extension arms (411) and the pair of rear extension arms (412) [have] support bases (410) and (420), respectively." Cheng, col. 3:25-27. Cheng also teaches that "the support bases (410) and (420) [are] furnished at the ends for detachably securing at least one of a front seat (71) and a rear seat (72)." Cheng, col. 3:27-29.

 However, Cheng fails to teach or suggest that the front extension arms 411 and/or the support bases 410 are removably coupled to the stroller frame such that they can be removed from the stroller frame when the second seat is not being used. Further, Cheng fails to teach or suggest that the position of the second seat, when removably coupled to the first and second seat attachment adapters, is positioned at a vertical position that is below the vertical position of the first seat on the stroller frame. In addition, none of the other cited references make up for this lack of teaching in Cheng. Therefore, Cheng fails to teach or suggest each and every element of independent claim 1

12

and fails to satisfy the requirements for anticipation. Accordingly, reconsideration and withdrawal of this rejection of claim 1 is respectfully requested.

IV.     **Claim Rejections Under 35 U.S.C. §103**

Claim 6 is rejected under 35 U.S.C. §103(a) as being unpatentable over Cheng in view of U.S. Patent No. 6,286,844 to Cone, II et al. ("Cone"). Claims 11, 12, and 14-19 are rejected under 35 U.S.C. §103(a) as being unpatentable over Cheng in view of U.S. Design Patent Application No. D593,459 to Liao ("Liao"). The rejection of the claims under 35 U.S.C. §103 is traversed.

A.     Independent Claims 14 and 18

The rejection of claims 14 and 18 is traversed. The U.S. Patent and Trademark Office has the burden to establish a *prima facie* case of obviousness. *In re Warner et al.*, 379 F.2d 1011, 154 U.S.P.Q. 173, 177 (C.C.P.A. 1967), *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1598-99 (Fed. Cir. 1988). To establish a *prima facie* case of obviousness, three basic criteria must be met. First, there must be some suggestion or motivation, either in the references themselves or in the knowledge generally available to one of ordinary skill in the art, to modify the reference or to combine reference teachings. Second, there must be a reasonable expectation of success. Finally, the prior art reference (or references when combined) must teach or suggest all the claim limitations. Claims for an invention are not *prima facie* obvious if the primary references do not suggest all elements of the claimed invention and the prior art does not suggest modifications that would bring the primary reference into conformity with the application claims. *In re Fritch*, 23 U.S.P.Q.2d, 1780 (Fed. Cir. 1992); *In re Laskowski*, 871 F.2d 115 (Fed. Cir. 1989). Thus, it is clear that to establish a rejection under 35 U.S.C. §103, the cited references must recite each element of the claims.

While Applicant believes that claims 14 and 18, as originally presented, are patentable over the cited art of record, Applicant has amended claims 14 and 18 to move forward prosecution of this case. Specifically, claim 14 has been amended to recite, in pertinent part, "a first front wheel support frame rotatable~~configured to rotate~~ with respect to the first upper tube support frame; a second front wheel support frame rotatable~~configured to rotate~~ with respect to the second upper tube support frame; at least one back wheel support frame; ... a first seat operably coupled along the first upper tube support frame and the second upper tube support frame ~~and configured to hold a first child in the stroller~~; a first seat attachment adapter removably coupled [[to]]along the first front wheel support frame; a second seat attachment adapter removably coupled [[to]]along the second

U.S. Patent Application Serial No.: 15/912,901

front wheel support frame; and a second seat removably coupled to the first seat attachment adapter and the second seat attachment adapter ~~and configured to hold a second child in the stroller~~." (Amendments shown). Claim 18 has been amended to recite, in pertinent part, "a front wheel support frame <u>rotatable</u>~~configured to rotate~~ with respect to the first upper tube support frame and the second upper tube support frame; ... a first seat attachment adapter <u>removably</u> coupled [[to]]<u>along</u> the front wheel support frame; a second seat attachment adapter <u>removably</u> coupled [[to]]<u>along</u> the front wheel support frame; ... a first seat removably coupled along the third seat attachment adapter and the fourth seat attachment adapter ~~and configured to hold a first child in the stroller~~; and a second seat removably coupled to the first seat attachment adapter and the second seat attachment adapter ~~and configured to hold a second child in the stroller~~." (Amendments shown). Applicant asserts that neither Cheng nor Liao teaches, suggests, or makes obvious, *inter alia*, the first and second seat attachment adapters being removably coupled to the stroller frame. In addition, the cited references fail to teach, suggest, or make obvious, *inter alia*, the handle being coupled to an end of the first and second upper tube support frames, as recited in claims 14 and 18. Further, the cited art fails to teach, suggest, or make obvious, inter alia, the front wheel support frame being rotatable with respect to the first upper tube support frame, as recited in claims 14 and 18.

    In the Office Action, the Examiner asserts that Cheng teaches these elements of claims 14 and 18. *See Office Action*, pp. 13 and 16. However, as discussed above, Cheng teaches "a pair of front extension arms (411) and a pair of rear extension arms (412)." Cheng, col. 3:23-25. Cheng further teaches that "the front extension arms (411) and the pair of rear extension arms (412) [have] support bases (410) and (420), respectively." Cheng, col. 3:25-27. Cheng also teaches that "the support bases (410) and (420) [are] furnished at the ends for detachably securing at least one of a front seat (71) and a rear seat (72)." Cheng, col. 3:27-29. However, Cheng fails to teach or suggest that the front extension arms 411 and/or the support bases 410 are removably coupled to the stroller frame such that they can be removed from the stroller frame when the second seat is not being used, as recited in claims 14 and 18.

    In addition, the Examiner asserts that the first and second upper tube support frames are shown and described elements 411 and 421 of Cheng. *See Office Action*, p. 12. However, Cheng teaches that the stroller handle 23 is coupled to the push bar 10. Thus, elements 411 and 421 do not satisfy the requirements of the first upper tube support frame and the second upper tube support frame of claims 14 and 18.

BJvU-0002232

U.S. Patent Application Serial No.: 15/912,901

Further, none of the references teaches or suggests that the front wheel support frame is rotatable with respect to the upper tube support frame, as recited in claims 14 and 18. The Examiner asserts that element 31 is the front wheel support frame, that elements 411 and 421 are the upper tube support frames and that element 32 is the rear tube support frame. *See Office Action*, p. 12. As shown above, element 10 should be properly identified as the upper tube support frame given that it's end is coupled to the stroller handle. In view of that, as shown in Figure 6 of Cheng, element 31 is rotatable with respect to element, 32, which the Examiner alleges is the back wheel support frame. Element 31 does not rotate which respect to element 10 of Cheng.

Thus, the combination of Cheng, Liao, and/or Cone fails to teach or suggest each and every element of independent claims 14 and 18. Therefore, the combination of cited art fails to satisfy the *prima facie* requirements of obviousness. Accordingly, Applicant respectfully requests reconsideration and withdrawal of the rejection of independent claims 14 and 18.

### V.  New Claims 21-25

New claims 21-25 have been added herein. The new claims are supported by the specification and drawings as filed and do not introduce new matter. Claims 21-25 are patentable over the cited references at least for the fact that the independent claim from which they ultimately depend, claims 1, 14, or 18, are patentable over the cited references. Accordingly, Applicant respectfully requests that claims 21-25 be passed to allowance.

### VI.  NO WAIVER

All of Applicant's arguments and amendments presented herein are without prejudice or disclaimer. Additionally, Applicant has merely discussed example reasons that the pending claims are allowable. Other reasons may exist and Applicant reserves the right to discuss these additional reasons in a later response or on appeal, if appropriate, in this or another related application. By not responding to additional statements made by the Examiner, such as what is taught by each cited reference or alleged to have been obvious in view of the cited references, Applicant does not acquiesce to the Examiner's additional statements. The example reasons discussed by Applicant are sufficient to overcome the mentioned rejections.

BJvU-0002233

U.S. Patent Application Serial No.: 15/912,901

## CONCLUSION

The foregoing is submitted as a full and complete response to the Non-final Office Action with a Notification Date of May 2, 2019. Applicant and the undersigned thank Examiner Dolak for the consideration of these amendments and remarks. In view of the amendments to the claims and the submitted remarks, Applicant respectfully requests reconsideration and withdrawal of the outstanding rejections. Applicant further submits that the application is now in condition for allowance and earnestly solicits timely notice of the same. Should the Examiner have any questions, comments, or suggestions in furtherance of the prosecution of this application, the Examiner is invited to contact the undersigned at the telephone number below.

It is not believed that extensions of time or fees for addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 C.F.R. § 1.136(a), and any fee required therefore (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 19-5029.

If the Examiner believes that there are any issues that can be resolved by a telephone conference, or that there are any formalities that can be corrected by an Examiner's amendment, please contact the undersigned in the Atlanta Metropolitan Area at 404-853-8013.

Respectfully submitted,

**/James M. Hannon/**

James M. Hannon
Reg. No. 48,565

DATE: **August 2, 2019**
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8013
Facsimile:  (404) 853-8806
Attorney Docket No.: **34757-2184**

BJvU-0002234