# EXHIBIT L

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: ) | |
| ) | |
| **Jon Hee Lee et al.** ) | Confirmation No.: **4030** |
| ) | |
| Serial No.: **15/225,326** ) | Art Unit: **3618** |
| ) | |
| Filed: **August 1, 2016** ) | Examiner: **James M. Dolak** |
| ) | |
| For: **REMOVABLE SEAT ATTACHMENT FOR A** ) | |
| **STROLLER** ) | |
| ) | |
| ) | |

## AMENDMENT AND RESPONSE TO NON-FINAL OFFICE ACTION

**Via EFS-Web**
Mail Stop Amendment
Commissioner for Patents
Alexandria, VA  22313-1450

Dear Examiner Dolak:

Responsive to the Non-final Office Action dated June 19, 2017, Applicant submits the following amendments and remarks.  In light of these amendments to the claims and in view of the submitted remarks, Applicant respectfully asserts that all of the claims of the patent application are patentable, and that the application be allowed.

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Specification** begin on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims that begins on page 4 of this paper.

**Remarks** begin on page 12 of this paper.

I hereby certify that this correspondence is being electronically filed via EFS-WEB to Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, Attn. Examiner Dolak, GAU 3618, on **September 19, 2017**.

_____/James M. Hannon/_____
James M. Hannon
Reg. No. 48,565

Application No. 15/225,326

## AMENDMENTS TO THE DRAWINGS

Please enter the amended drawings as described below.  These amendments to the drawings are supported by the application as filed and do not introduce new matter.


Figure 14C has been amended to show the elements requested in the drawing objections on pages 3-4 of the Office Action, including the stop flange, side wall, first open end, second open end, and through hole.

2

BJvU-0006621

## AMENDMENTS TO THE SPECIFICATION

Please amend the specification as shown below.  The amendments to the specification are supported by the application as-filed and do not introduce new matter.

Please amend the paragraph beginning on page 21 and extending into page 22 of the specification that begins "Each seat attachment housing 1405, 1410 can include" as follows:

As shown in Figure 14C, each seat attachment housing 1405, 1410 includes an opening or open end 1130 positioned along a top side of the respective seat attachment housings 1405, 1410.  The opening 1130 can provide access to an adapter receiving cavity 1205.  Each seat attachment housing 1405, 1410 also includes one or more stop flanges 1315, 1320 that extend out from an interior wall 1411 of the cavity 1205 and into the cavity area.  In addition, the bottom end of the adapter receiving cavity 1205 and corresponding bottom end of each seat attachment housing 1405, 1410 can have an opening or open end 1340 to the environment and with the cavity 1205 and opening 1130 provides a through-hole 1413 through the seat attachment housing 1405, 1410.  Each seat attachment housing 1405, 1410 can include a rotating door 1415 rotatably coupled to the seat attachment housing 1405, 1410. For example, the rotating door 1415 can have a fixed end that is rotatably coupled to the top side of the seat attachment housing 1405, 1410 or an interior wall 1411 of the opening 1130 or adapter receiving cavity 1205 by way of or more hinges 1420.  Alternatively, other devices may be used to allow the door 1415 to rotate from a closed configuration 1415a to an open configuration 1415b, as shown in Figure 14C.  In certain example embodiments, the door 1415 and/or the rotating mechanism or hinge 1420 that the door 1415 is coupled to can be spring-biased into the closed configuration 1415a through the use of a spring or other biasing means.  Spring-biasing the door 1415 into a closed configuration 1415a can help to prevent fluids and other material contaminants from entering the adapter receiving cavity 1205 when the removable seat attachment adapter 84 is not coupled into the adapter receiving cavity 1205.

3

## CLAIMS

Please amend the claims as shown below.  This listing of claims will replace all prior versions and listing of claims for this application.

1.      (Currently Amended)  A stroller, comprising:

a stroller frame;

a plurality of wheels coupled to the stroller frame;

a first seat coupled to the stroller frame;

a first seat attachment housing disposed along a first portion of the stroller frame and comprising:

a first adapter receiving cavity extending through the first seat attachment housing; and

a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity, wherein the first door rotates from a closed configuration, preventing access to the first adapter receiving cavity from a top side of the first seat attachment housing, to an open configuration allowing access to the first adapter receiving cavity from the top side of the first seat attachment housing;

a second seat attachment housing disposed along a second portion of the stroller frame[[;]] and comprising:

a second adapter receiving cavity extending through the second seat attachment housing; and

a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity, wherein the second door rotates from a second closed configuration, preventing access to the second adapter receiving cavity from a top side of the second seat attachment housing, to a second open configuration allowing access to the second adapter receiving cavity from the top side of the second seat attachment housing;

a first removable seat attachment adapter ~~configured to be~~ removably coupled to the first seat attachment housing; and

a second removable seat attachment adapter ~~configured to be~~ removably coupled to

4

the second seat attachment housing.

2.      (Currently Amended)  The stroller of claim 1, wherein each of the ~~first seat attachment housing and the second seat attachment housing comprise:~~

~~———~~ ~~an~~ first adapter receiving cavity and the second adapter receiving cavity ~~configured to~~ receive~~s~~ at least a portion of a respective one of the first and the second removable seat attachment adapters~~; and~~

~~———~~ ~~a door disposed adjacent a top side of the respective seat attachment housing and configured to move from a closed configuration, preventing access to the adapter receiving cavity from the top side of the respective seat attachment adapter, to an open configuration allowing access to the adapter receiving cavity from the top side of the respective seat attachment adapter~~.

3.      (Withdrawn)  The stroller of claim 2, wherein the door is slidably coupled to the respective seat attachment housing and is configured to slide from the closed configuration to the open configuration.

4.      (Currently Amended)  The stroller of claim [[2]]1, wherein the first door comprises a first hinge coupled to the top side of the first seat attachment housing and the second door comprises a second hinge coupled to the top side of the second seat attachment housing~~is rotatably coupled to the respective seat attachment housing and wherein the door is configured to rotate from the closed configuration to the open configuration~~.

5.      (Currently Amended)  The stroller of claim 4, ~~further comprising a hinge having a first portion coupled to the door and a second portion coupled to the respective seat attachment housing,~~ wherein the first hinge rotatably couples the first door to the ~~respective~~ first seat attachment housing and the second hinge rotatably couples the second door to the second seat attachment housing.

6.      (Currently Amended)  The stroller of claim [[2]]1, wherein each of the first

5

BJvU-0006624

Application No. 15/225,326

adapter receiving cavity and the second adapter receiving cavity comprises:

a first open end disposed along the top side of the respective first or second seat attachment housing; and

a distal second open end disposed along a bottom side of the respective first or second seat attachment housing;

wherein the first adapter receiving cavity provides a first through-hole through the respective first or second seat attachment housing and the second adapter receiving cavity provides a second through-hole through the second seat attachment housing.

7.    (Currently Amended)  The stroller of claim [[2]]1, wherein each of the first adapter receiving cavity and the second adapter receiving cavity comprises:

at least one side wall extending from a first end of the respective first or second adapter receiving cavity to a distal second[[send]] end of the respective first or second adapter receiving cavity; and

at least one stop flange extending out from the at least one side wall into the respective first or second adapter receiving cavity.

8.    (Withdrawn)  The stroller of claim 1, wherein each of the first removable seat attachment adapter and the second removable seat attachment adapter comprises:

a first end;

a distal second end;

an outer surface; and

a latching tab disposed along the outer surface between the first end and the second end.

9.    (Withdrawn-Currently Amended)  The stroller of claim 8, further comprising a manually adjustable tab release button disposed along the outer surface of the respective removable seat attachment adapter and operatively coupled to the latching tab, wherein the tab release button is configured to moves the latching tab from an extended position to a retracted position when the tab release button is depressed.

6

BJvU-0006625

10.    (Withdrawn)  The stroller of claim 9, wherein each of the first removable seat attachment adapter and the second removable seat attachment adapter further comprises a stop collar disposed between the first end and the distal second end, wherein an outer surface of the stop collar extends out from the outer surface of the respective removable seat attachment adapter.

11.    (Withdrawn)  The stroller of claim 10, wherein the latching tab is disposed between the stop collar and the first end of the respective removable seat attachment adapter.

12.    (Currently Amended)  A stroller, comprising:

a stroller frame;

a first seat attachment housing disposed along a first portion of the stroller frame and comprising:

a first adapter receiving cavity provided in the first seat attachment housing; and

a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity, wherein the first door rotates from a closed configuration, preventing access to the first adapter receiving cavity from a top side of the first seat attachment housing, to an open configuration allowing access to the first adapter receiving cavity from the top side of the first seat attachment housing;

a second seat attachment housing disposed along a second portion of the stroller frame and comprising:

a second adapter receiving cavity provided in the second seat attachment housing; and

a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity, wherein the second door rotates from a second closed configuration, preventing access to the second adapter receiving cavity from a top side of the second seat attachment housing, to a second open configuration allowing access to the second adapter receiving cavity from the top side of the second seat attachment

BJvU-0006626

housing;

a first removable seat attachment adapter ~~configured to be~~ removably coupled to the first seat attachment housing; and

a second removable seat attachment adapter ~~configured to be~~ removably coupled to the second seat attachment housing

wherein each of the first removable seat attachment adapter and the second removable seat attachment adapter comprises:

a first end;

a distal second end;

an outer surface; and

a latching tab disposed along the outer surface between the first end and the second end.

13.    (Currently Amended)  The stroller of claim 12, wherein ~~each of the first seat attachment housing and the second seat attachment housing further comprise a~~ the first door is spring biased into the closed configuration and the second door is spring biased into the second closed configuration~~disposed adjacent a top side of each of the respective first and second seat attachment housings and configured to move from a closed configuration, preventing access to the respective one of the first and second adapter receiving cavities from the top side of the respective seat attachment adapter, to an open configuration allowing access to the respective one of the first and second adapter receiving cavities from the top side of the respective seat attachment adapter~~.

14.    (Currently Amended) The stroller of claim [[13]]12, wherein [[each]]the first door is rotatably coupled to the ~~respective one of the~~ first ~~and second~~ seat attachment housing[[s]] via a first hinge and the second door is rotatably coupled to the second seat attachment housing via a second hinge~~and is configured to move from the closed configuration to the open configuration~~.

15.    (Currently Amended)  The stroller of claim [[13]]14, ~~further comprising a~~

8

BJvU-0006627

wherein the first hinge comprises~~having~~ a first portion coupled to the first door and a second portion coupled to the first~~respective~~ seat attachment housing~~, wherein the hinge rotatably couples the door to the respective seat attachment housing~~.

16.    (Currently Amended) The stroller of claim 12, wherein each of the first adapter receiving cavity and the second adapter receiving cavity comprises:

a first open end disposed along the top side of the respective first or second seat attachment housing; [[and]]

a distal second open end disposed along a bottom side of the respective first or second seat attachment housing;

at least one side wall extending from a first open end to the distal [[send]]second open end;

at least one stop flange extending out from the at least one side wall into the respective first or second adapter receiving cavity;

wherein the ~~each of the~~ first adapter receiving cavity ~~and the second adapter receiving cavity~~ provides a through-hole through the ~~respective~~ first ~~or second~~ seat attachment housing and the second adapter receiving cavity provides a second through-hole through the second seat attachment housing.

17.    (Withdrawn-Currently Amended) The stroller of claim 12, further comprising a manually adjustable tab release button disposed along the outer surface of each of the first removable seat attachment adapter and the second removable seat attachment adapter and operatively coupled to the respective latching tab, wherein the tab release button ~~is configured to~~ moves the latching tab from an extended position to a retracted position when the tab release button is depressed.

18.    (Withdrawn) The stroller of claim 12, wherein each of the first removable seat attachment adapter and the second removable seat attachment adapter further comprises a stop collar disposed between the first end and the distal second end, wherein an outer surface of the stop collar extends out from the outer surface of the respective first or second removable

BJvU-0006628

Application No. 15/225,326

seat attachment adapter.

19.    (Currently Amended) A stroller, comprising:

a stroller frame;

at least one front wheel[[s]] coupled to the stroller frame;

a plurality of rear wheels coupled to the stroller frame;

a first seat coupled to the stroller frame;

a first seat attachment housing disposed along a first portion of the stroller frame for removably coupling a second seat to the stroller frame, the first seat attachment housing comprising:

a first adapter receiving cavity provided in the first seat attachment housing; and

a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity and rotatable adjustable from an open configuration that allows access to the first adapter receiving cavity from a top side of the first seat attachment housing, to a closed configuration that prevents access to the first adapter receiving cavity from the top side of the first seat attachment housing;

a second seat attachment housing disposed along a second portion of the stroller frame for removably coupling the second seat to the stroller frame, the second seat attachment housing comprising:

a second adapter receiving cavity provided in the second seat attachment housing; and

a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity and rotatable adjustable from a second open configuration that allows access to the second adapter receiving cavity from a top side of the second seat attachment housing, to the open configuration to the a second closed configuration that prevents access to the second adapter receiving cavity from the top side of the second seat attachment housing;

a first removable seat attachment adapter configured to be removably coupled to the first seat attachment housing when the first door is in the open configuration; and

BJvU-0006629

a second removable seat attachment adapter ~~configured to be~~ removably coupled to the second seat attachment housing when the second door is in the open configuration.

20.    (Withdrawn) The stroller of claim 19, wherein each of the first removable seat attachment adapter and the second removable seat attachment adapter comprises:

a first end;

a distal second end;

an outer surface; and

a latching tab disposed along the outer surface between the first end and the second end; and

a manually adjustable tab release button disposed along the outer surface and operatively coupled to the latching tab.

11

BJvU-0006630

## REMARKS

Applicant and the undersigned thank Examiner Dolak for the careful review of this application.  In the Office Action, claims 1, 2, 4-6, 12-15, and 19 were rejected.  Claims 1, 2, 4-7, 9, 12-17, and 19 have been amended herein.  No claims have been cancelled or added herein.  The amendments to the claims are supported by the specification and drawings as-filed and do not introduce new matter.  Upon entry of these amendments, claims 1, 2, 4-7, 12-16, and 19 remain pending and not withdrawn in the application.  In view of these amendments and remarks, Applicant respectfully asserts that the rejections are now made moot and reconsideration and allowance of the application is respectfully requested.

Unless explicitly stated otherwise, none of the amendments to the claims were made for reasons substantially related to the statutory requirements for patentability.  Furthermore, unless otherwise stated, the amendments to the claims were made simply to express that which had been implicit in the claims as originally worded and therefore, are not narrowing amendments that would create any prosecution history estoppel.

## I.  Election/Restriction

In the Office Action, the Examiner asserts that claims 7-11, 16-18, and 20 should additionally be withdrawn from prosecution.  Applicant has withdrawn claims 8-11, 17, 18, and 20 herein.  Applicant traverses the Examiner's withdrawal of claims 7 and 16.  Claims 7 and 16 are directed to elements of the adapter receiving cavity as shown in Figures 14A-C.  These elements include the stop flanges 1315 and 1320, which are shown in Figure 14C.  Further, disclosure of these stop flanges is provided via incorporation by reference in the specification in relation to Figures 14A-C where Applicant states "Referring now to Figures 8A, 11, and 14A-C, the seat attachment housings 1405, 1410 are substantially the same as the seat attachment housings 1105, 1110 described in Figures 11-13C except for as described below.  Therefore, the description of the seat attachment housings 1105, 1110 in Figures 11-13C above is incorporated herein for the alternative seat attachment housings 1405, 1410, except with regard to the distinctions described below."  Therefore, the elected species includes a showing and description of the stop flanges.  Accordingly, reconsideration and withdrawal of the Examiner's withdrawal of claims 7 and 16 is respectfully requested.

BJvU-0006631

## II.  Drawing Objections

The drawings were objected to under 37 C.F.R. §1.83(a) for not showing every feature of the invention specified in the claims.  Without admitting to the propriety of the rejection and in order to move forward prosecution of this application, Applicant has amended Figure 14C of the drawings and the corresponding specification to more clearly highlight the elements the Examiner felt were not specifically identified in the drawings.  Support for these amendments to the drawings and specification can be found in the application as filed, including in the third full paragraph on page 21 of the specification which states, in part, "Referring now to Figures 8A, 11, and 14A-C, the seat attachment housings 1405, 1410 are substantially the same as the seat attachment housings 1105, 1110 described in Figures 11-13C except for as described below.  Therefore, the description of the seat attachment housings 1105, 1110 in Figures 11-13C above is incorporated herein for the alternative seat attachment housings 1405, 1410, except with regard to the distinctions described below."  The amendments to the specification and drawings do not introduce new matter.  A replacement sheet that includes Figure 14C is being filed with this response.  Accordingly, reconsideration and withdrawal of the objection to the drawings is respectfully requested.

## III.  Objections to Claims

Claim 19 was objected to in the Office Action for including a typographical error.  Applicant thanks the Examiner for identifying this typographical error.  Claim 19 has been amended to correct the typographical error.  Accordingly, reconsideration and withdrawal of the objection to claim 19 is respectfully requested.

## IV.    Claim Rejections Under 35 U.S.C. §112

Claims 1, 2, 4-6, 12-15, and 19 were rejected under 35 U.S.C. §112(b) for failing to particularly point out and distinctly claim the subject matter which the inventor regards as the invention.  More specifically, the Examiner appears to object to the user of the phrase "configured to".  While Applicant disagrees with the Examiner's assertion that such language is indefinite and not a positive limitation, Applicant notes that this rejection is moot in view of

13

the amendments. The language alleged to be indefinite in the claims has not been removed because the rejection is proper, but solely to move forward the prosecution of this case. Applicant reserves the right to reintroduce such "configured to" language in this or any continuation or divisional application and will address any further objections to that language, including pointing out the number of areas where the MPEP supports the use of this language, at that time. Accordingly, Applicant respectfully requests reconsideration and withdrawal of the rejection of claims 1, 2, 4-6, 12-15, and 19 under 35 U.S.C. §112(b).

**V. Claim Rejections Under 35 U.S.C. §102**

Claims 1, 2, 4-6, 12-15, and 19 are rejected under 35 U.S.C. §102(b) as being anticipated by U.S. Patent No. 6,286,844 to Cone ("Cone"). The rejection of the pending claims is traversed.

The rejection of independent claims 1, 12, and 19 is traversed. "A person shall be entitled to a patent unless … (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country before the invention thereof by the applicant for a patent." 35 U.S.C. §102(a). The U.S. Patent and Trademark Office has the burden under 35 U.S.C. §102 to establish a *prima facie* case of anticipation. A *prima facie* case is made out under 35 U.S.C. §102 if, within 1 year of the filing date, the invention, or an obvious variant thereof, is described in a "printed publication" whose authorship differs in any way from the inventive entity. *In re Katz*, 687 F.2d 450 (CCPA 1982). "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987). "The identical invention must be shown in as complete detail as is contained in the … claim." *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989) (emphasis added). Furthermore, the elements must be arranged as required by the claim. *In re Bond,* 910 F.2d 831 (Fed. Cir. 1990). Applicant submits that Cone fails to teach or suggest each and every element of independent claims 1, 12, and 19. Accordingly, Applicant asserts that Cone fails to satisfy the requirements for a *prima facie* case of anticipation with regard to the independent claims.

14

BJvU-0006633

A.  Independent Claims 1 and 12

While Applicant believes that claims 1 and 12 as originally presented are patentable over the cited art of record, Applicant has amended claims 1 and 12 to move forward prosecution of this case.  Specifically, claim 1 has been amended to recite, in pertinent part, "a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity, wherein the first door rotates from a closed configuration, preventing access to the first adapter receiving cavity from a top side of the first seat attachment housing, to an open configuration allowing access to the first adapter receiving cavity from the top side of the first seat attachment housing … [and] a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity, wherein the second door rotates from a second closed configuration, preventing access to the second adapter receiving cavity from a top side of the second seat attachment housing, to a second open configuration allowing access to the second adapter receiving cavity from the top side of the second seat attachment housing".  (Amendments shown).  Similar amendments have been made to independent claim 12.  Applicant asserts that Cone fails to teach or suggest at least these elements of claims 1 and 12.

Cone appears to be generally directed to a stroller having a pair of removable carrier-support adapters to support a removable infant carrier on the stroller.  *See* Cone, Abstract. Figure 2 of Cone is provided below for reference.



15

In the Office Action, the Examiner asserts that element 90 of Cone is the adapter receiving cavity and elements 102 and 104 of Cone are the door. *See Office Action*, p. 7. Cone teaches a "body portion 152 of carrier-support adapter 16 that houses clamping assembly 80 includes a top end 156, an opposite bottom end 158 adjacent to stroller mount 82, and side panels 94, 96." Cone, col. 6:52-55. Cone further teaches that a mounting post-receiving slot 90 formed in top end 156 of body portion 152." Cone, col. 6:61-62. Cone also teaches a "clamp arm 88 … configured to couple selectively infant seat 12 to carrier-support adapter 16." Cone, col. 7:1-2. The clamp arm of Cone "includes an upper end 98 and a lower end 100 [and the] upper end 98 includes a hook 102, a first cam surface 104, and a second cam surface 106." Cone, col. 7:3-5. As taught by Cone, the clamp arm 88 is connected to carrier-support adapter 16 by a pivot member 92 positioned approximately midway along length of clamp arm 88 and between the bottom of the post-receiving slot 90 and the bottom end of the body portion 152 of the carrier-support adapter 16. Cone, col. 6:63-67.

Thus, Cone teaches a clamp arm pivotally coupled to carrier-support adapter well away from the post-receiving slot. However, Cone fails to teach or suggest a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity … [and] a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity, as recited in claim 1 and as similarly recited in claim 12. Therefore, Cone fails to anticipate the elements of independent claims 1 and 12. Accordingly, reconsideration and withdrawal of the rejection of claims 1 and 12 is respectfully requested.

B. Independent Claim 19

While Applicant believes that claim 19 as originally presented is patentable over the cited art of record, Applicant has amended claim 19 to move forward prosecution of this case. Specifically, claim 19 has been amended to recite, in pertinent part, "a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity and rotatable~~adjustable~~ from an open configuration that allows access to the first adapter receiving cavity from a top side of the first seat attachment housing, to a closed configuration that prevents access to the first adapter receiving cavity from the top side of the first seat attachment housing … [and] a second door rotatably coupled to the second seat

BJvU-0006635

attachment housing along a second top end of the second adapter receiving cavity and rotatable ~~adjustable~~ from a second open configuration that allows access to the second adapter receiving cavity from a top side of the second seat attachment housing, to ~~the open configuration to the~~ a second closed configuration that prevents access to the second adapter receiving cavity from the top side of the second seat attachment housing". (Amendments shown). Applicant asserts that Cone fails to teach or suggest at least these elements of claims 1 and 12.

As discussed above in Section V(A) Cone teaches a clamp arm pivotally coupled to carrier-support adapter well away from and below the post-receiving slot. However, Cone fails to teach or suggest a first door rotatably coupled to the first seat attachment housing along a top end of the first adapter receiving cavity … [and] a second door rotatably coupled to the second seat attachment housing along a second top end of the second adapter receiving cavity, as recited in claim 19. Therefore, Cone fails to anticipate the elements of independent claim 19. Accordingly, reconsideration and withdrawal of the rejection of claim 19 is respectfully requested.

## VI.  Dependent Claims 2, 4-7, and 13-16

Applicant submits that the above-identified dependent claims are allowable because the independent claim from which they ultimately depend, claim 1, 12, or 19, is patentable over the cited references. Applicant also respectfully traverses the Examiner's assertions about these claims and submits that the recitations of these dependent claims are of patentable significance. Applicant respectfully requests that the Examiner reconsider and withdraw the pending rejections of claims 2, 4-7, and 13-16.

## VII.  NO WAIVER

All of Applicant's arguments and amendments presented herein are without prejudice or disclaimer. Additionally, Applicant has merely discussed example reasons that the pending claims are allowable. Other reasons may exist and Applicant reserves the right to discuss these additional reasons in a later response or on appeal, if appropriate, in this or another related application. By not responding to additional statements made by the Examiner, such

17

BJvU-0006636

as what is taught by each cited reference or alleged to have been obvious in view of the cited references, Applicant does not acquiesce to the Examiner's additional statements.   The example reasons discussed by Applicant are sufficient to overcome the mentioned rejections.

## **CONCLUSION**

The foregoing is submitted as a full and complete response to the Non-final Office Action with a Notification Date of June 19, 2017.   Applicant and the undersigned thank Examiner Dolak for the consideration of these amendments and remarks.   In light of the above amendments to the claims and in view of the remarks, Applicant respectfully requests reconsideration and withdrawal of the outstanding rejections.   Applicant further submits that the application is now in condition for allowance and earnestly solicits timely notice of the same.   Should the Examiner have any questions, comments, or suggestions in furtherance of the prosecution of this application, the Examiner is invited to contact the undersigned at the telephone number below.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those which may otherwise be provided for in documents accompanying this response.   However, in the event that additional extensions of time are necessary to allow consideration of this response, such extensions are hereby petitioned under 37 C.F.R. §1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 19-5029.

Respectfully submitted,

**/James M. Hannon/**

James M. Hannon
Reg. No. 48,565

Date: **September 19, 2017**
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8013
Facsimile:  (404) 853-8806
Attorney Docket No.:  34757-1526

18

BJvU-0006637