# EXHIBIT N

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: ) | |
| ) | |
| **John Hee Lee, et al.** ) | Confirmation No.: **8948** |
| ) | |
| Application No.: **16/832,429** ) | Art Unit: **3618** |
| ) | |
| Filed: **March 27, 2020** ) | Examiner: **James M. Dolak** |
| ) | |
| For: **Removable Seat Attachment for a Stroller** ) | Attorney Docket No.: **34757-2430** |
| ) | |
| ) | |
| ) | |

## AMENDMENT AND RESPONSE TO FINAL OFFICE ACTION

**Via EFS-Web**
Mail Stop AF
Commissioner for Patents
Alexandria, VA  22313-1450

Dear Examiner Dolak:

This Amendment and Response is submitted in response to the Final Office Action mailed April 28, 2021.  A request for reconsideration under the After Final Consideration Pilot 2.0 (AFCP) is concurrently filed with this paper. In light of the amendments and remarks included herein, it is respectfully asserted that all pending claims are patentable, and it is respectfully requested that this application be allowed.

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

---

I hereby certify that this correspondence is being electronically filed via EFS-WEB to Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, Attn: Examiner Dolak, GAU 3618, on June 28, 2021.

_____/Christopher J. Chan/_____
Christopher J. Chan
Reg. No. 44,070

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>16/832,429 | Filing Date<br>03/27/2020 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE    ☐ SMALL    ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $460 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| AMENDMENT | 06/28/2021 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /ZURIASHWORK ZENEBE/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

BJvU-0003078

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Pilot Program Request

PTO/SB/434 (05-13)

## CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: 34757-2430 | Application No.: 16/832,429 | Filing Date: 2020-03-27 |
|---|---|---|
| First Named Inventor: Jon Hee Lee | Title: REMOVABLE SEAT ATTACHMENT FOR A STROLLER | |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:
   - Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
   - The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
     - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
     - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
       - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
       - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature /Christopher J. Chan/ | Date 2021-06-28 |
|---|---|
| Name (Print/Typed) Christopher J. Chan | Practitioner Registration No. 44,070 |

*Note: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below\*.*

[✓] * Total of ___1___ forms are submitted.

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

## REMARKS

Applicant and the undersigned thank Examiner Dolak for the careful review of this application. In the present Final Office Action, claims 1-20 are rejected. A request for reconsideration under the After Final Consideration Pilot 2.0 (AFCP) is concurrently filed with this paper.

Without admitting to the propriety of the rejections and to facilitate examination of the application, Applicant amends independent claims 1, 10, and 17, and dependent claim 18, to clarify the scope of the claimed subject matter. The amendments to the claims are supported by the specification and drawing figures 8A to 8H and do not introduce new matter. Upon entry of these amendments, claims 1-20 remain pending in the application. In view of these amendments and remarks, Applicant respectfully asserts that the rejections are now made moot and reconsideration and allowance of the application is respectfully requested.

Unless explicitly stated otherwise, none of the amendments to the claims were made for reasons substantially related to the statutory requirements for patentability. Furthermore, unless otherwise stated, the amendments to the claims were made simply to express that which had been implicit in the claims as originally worded and therefore, are not narrowing amendments that would create any prosecution history estoppel.

### I.  Request for Examiner Interview

Prior to the mailing of any further Office Actions, Applicant requests the courtesy of an examiner interview via telephone to discuss any remaining issues of patentability. The Examiner is invited to contact the Applicant's attorney, Christopher J. Chan, at 404.853.8049 to schedule the interview.

### II.  Double Patenting

Claims 1-20 were rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-13 of U.S. Patent No. 10,730,543. Upon allowance of any claims in the present application, the Applicant will agree to file a terminal disclaimer to overcome this rejection.

### III.  Claim Rejections Under 35 U.S.C. §112

The Office Action rejected claims 1-20 for allegedly being indefinite. Without admitting to the propriety of the rejections and to facilitate examination of the application, claims 1, 10, 17,

BJvU-0003081

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

and 18 are amended to clarify the scope of the claimed subject matter. For example, claims 1, 10 and 17 are believed to be amended to clarify the scope of the Office Action indicated claim elements of, "adjusted/rotated with respect to".  Further, claim 18 is amended to omit the respective terms "configured to be".  The rejections are believed to be traversed.

**IV.     Claim Rejections Under 35 U.S.C. §103**

In the Office Action, claims 17, 18, and 20 were rejected under 35 U.S.C. §103(a) as allegedly being unpatentable over U.S. Patent No. 7,475,900 B2 to Cheng ("Cheng") in view of U.S. Patent No. 6,286,844 B1 to Cone ("Cone").  The Office Action also rejected claims 1-16 under 35 U.S.C. §103(a) as allegedly unpatentable over Cheng in view of U.S. Patent No. D593,459S to Liao ("Liao"), and in further view of Cone. Applicant traverses the rejections of the pending claims.

Without admitting to the propriety of the rejections and to facilitate examination of the application, Applicant's independent claim 1 is amended to clarify the scope of the claimed subject matter.  For example, claim 1 is amended to include the elements of, "a first front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame; a second front wheel support frame rotatably adjusted to be substantially parallel with respect to the second upper tube support frame; … a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position; a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position" (underlining supplied solely to indicate newly amended text).  Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

Further, claim 10 is amended to include the elements of, "a front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame; … a first seat attachment adapter coupled to the front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position; a second seat attachment adapter coupled to the front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position" (underlining supplied solely to indicate newly amended

BJvU-0003082

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

text).  Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

Moreover, claim 17 is amended to include the elements of, "a first seat attachment adapter coupled to the first seat attachment housing at a second vertical position of the stroller frame that is below the first vertical position <u>when the first upper tube support frame is substantially parallel with the first front wheel support frame</u>; a second seat attachment adapter coupled to the second seat attachment housing at a third vertical position of the stroller frame that is below the first vertical position <u>when the second upper tube support frame is substantially parallel with the second front wheel support frame</u>" (underlining supplied solely to indicate newly amended text).  Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

By contrast, the stroller frames in the cited references Cheng and Cone only include folded or curved frame or tube structures being described as upper tube and lower or front wheel support frames by the Office Action. For example, the frame elements 41 and 42 in Cheng do not appear to be substantially parallel to each other, but instead appear to be substantially folded with respect to each other when the stroller frame is extended.  Further, the frame elements 51 and 52 in Cone do not appear to be substantially parallel to each other, but instead appear to be substantially curved with respect to each other when the stroller frame is extended.  Since the frame elements of Cheng and Cone are either folded or curved, which inhibit the ability of the respective stroller frames to be able to elevate one seat in a much higher position the other seat when being attached to the stroller frames.   The substantially parallel construction of the Applicant's claimed embodiments, permits the frame to be able to elevate one seat in a much higher position the other seat when being attached to the stroller frame.  While Liao appears to have certain frame elements in a substantially parallel orientation, Liao appears to only show seats in a relatively level orientation with each other, wherein one seat is not higher than the other seat, thus teaching away from the Applicant's claimed embodiments wherein one seat is positioned higher than the other seat.

Since each and every element of the Applicant's amended independent claims 1, 10, and 17 is neither taught nor suggested by the cited references, either alone or in combination with each other, then claims 1, 10, and 17 should be allowable over the cited references.

BJvU-0003083

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

**V.    Dependent Claims 2-9, 11-16, and 18-20**

Applicant submits that the above-identified dependent claims are allowable because the independent claims from which they ultimately depend are patentable over the cited references. The additional cited reference, namely Liao, does not cure the deficiencies of the cited references Cheng and Cone. Applicant also respectfully traverses the Office Action's assertions about these claims and submits that the recitations of these dependent claims are of patentable significance. Applicant respectfully requests that the Examiner reconsider and withdraw the pending rejections of claims 2-9, 11-16, and 18-20.

**VI.    NO WAIVER**

All of Applicant's arguments presented herein are without prejudice or disclaimer. Additionally, Applicant has merely discussed example reasons that the pending claims are allowable. Other reasons may exist and Applicant reserves the right to discuss these additional reasons in a later response or on appeal, if appropriate, in this or another related application. By not responding to additional statements made by the Office Action, such as what is taught by each cited reference or alleged to have been obvious in view of the cited references, Applicant does not acquiesce to the Office Action's additional statements. The example reasons discussed by Applicant are sufficient to overcome the mentioned rejections.

**CONCLUSION**

The foregoing is submitted as a full and complete response to the Final Office Action dated April 28, 2021. Applicant and the undersigned thank Examiner Dolak for the consideration of these amendments and remarks. In view of the amendments to the claims and the submitted remarks, Applicant respectfully requests reconsideration and withdrawal of the outstanding rejections. Applicant further submits that the application is now in condition for allowance and earnestly solicits timely notice of the same. Should the Examiner have any questions, comments, or suggestions in furtherance of the prosecution of this application, the Examiner is invited to contact the undersigned at the telephone number below.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those which may otherwise be provided for in documents accompanying this response. However, in the event that additional extensions of time are necessary to allow consideration of

BJvU-0003084

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

this response, such extensions are hereby petitioned under 37 C.F.R. §1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 19-5029.


Respectfully submitted,

**/Christopher J. Chan/**

Christopher J. Chan
Reg. No. 44,070


DATE:  **June 28, 2021**

EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8049
Facsimile:  (404) 853-8806

Attorney Docket No.:  **34757-2430**

BJvU-0003085

## AMENDMENTS TO THE CLAIMS

Please amend the claims as shown below.  This listing of claims will replace all prior versions and listing of claims for this application.

1.      (Currently Amended) A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a first front wheel support frame <u>rotatably</u> adjusted <u>to be substantially parallel</u> with respect to the first upper tube support frame;

a second front wheel support frame <u>rotatably</u> adjusted <u>to be substantially parallel</u> with respect to the second upper tube support frame;

a first back wheel support frame rotated with respect to the first upper tube support frame; and

a second back wheel support frame rotated with respect to the second upper tube support frame;

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame;

a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position~~, wherein the first seat attachment adapter is removable from the first front wheel support frame~~;

a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position~~, wherein the second seat attachment adapter is removable from the second front wheel support frame~~;

wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position and wherein the second vertical position and the third vertical position are at a same vertical height.

2.      (Original) The stroller of claim 1, further comprising:

2

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

a first seat attachment housing disposed adjacent the first front wheel support frame at the second vertical position;

a second seat attachment housing disposed adjacent the second front wheel support frame at the third vertical position;

wherein the first seat attachment adapter is coupled to the first seat attachment housing and the second seat attachment adapter is coupled to the second seat attachment housing.

3.    (Original) The stroller of claim 2, wherein the first seat attachment housing extends into the first front wheel support frame and the second seat attachment housing extends into the second front wheel support frame.

4.    (Original) The stroller of claim 2, wherein each of the first seat attachment adapter and the second seat attachment adapter has a first end and a distal second end.

5.    (Original) The stroller of claim 4, wherein the first end comprises a connector portion and is coupled to one of the first seat attachment housing and the second seat attachment housing.

6.    (Previously Amended) The stroller of claim 4, wherein the second seat is removably coupled to the second end.

7.    (Original) The stroller of claim 1, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

8.    (Original) The stroller of claim 1, further comprising:

a third seat attachment adapter coupled to the stroller frame at the first vertical position; and

a fourth seat attachment adapter coupled to the stroller frame at the first vertical position;

BJvU-0003087

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

9.    (Original) The stroller of claim 1, further comprising a handle comprising a first end coupled to the first upper tube support frame and a distal second end coupled to the second upper tube support frame.

10.    (Currently Amended) A stroller, comprising:

a stroller frame comprising:

    a first upper tube support frame;

    a second upper tube support frame;

    a front wheel support frame <u>rotatably</u> adjusted <u>to be substantially parallel</u> with respect to the first upper tube support frame;

    a back wheel support frame <u>rotatably</u> adjusted with respect to the first upper tube support frame; and

    a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame;

a first seat attachment adapter coupled to the front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position~~, wherein the first seat attachment adapter is removable from the front wheel support frame~~;

a second seat attachment adapter coupled to the front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position~~, wherein the second seat attachment adapter is removable from the front wheel support frame~~;

wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position.

4

BJvU-0003088

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

11.    (Original) The stroller of claim 10, wherein the front wheel support frame comprises a first front wheel support frame member and a second front wheel support frame member.

12.    (Original) The stroller of claim 10, wherein the back wheel support frame comprises a first back wheel support member and a second back wheel support member.

13.    (Original) The stroller of claim 10, further comprising:

a first seat attachment housing disposed adjacent the front wheel support frame at the second vertical position;

a second seat attachment housing disposed adjacent the front wheel support frame at the third vertical position;

wherein the first seat attachment adapter is coupled to the first seat attachment housing and the second seat attachment adapter is coupled to the second seat attachment housing.

14.    (Previously Amended) The stroller of claim 13, wherein each of the first seat attachment adapter and the second seat attachment adapter comprises:

a first end comprising a connector portion coupled to one of the first seat attachment housing and the second seat attachment housing; and

a distal second end, wherein the second seat is removably coupled to the second end.

15.    (Original) The stroller of claim 10, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

16.    (Original) The stroller of claim 10, further comprising:

a third seat attachment adapter coupled to the first upper tube support frame at the first vertical position; and

a fourth seat attachment adapter coupled to the second upper tube support frame at the first vertical position;

BJvU-0003089

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

17.    (Currently Amended) A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a first back wheel support frame;

a second back wheel support frame;

a first front wheel support frame;

a second front wheel support frame;

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled to the stroller frame at a first vertical position of the stroller frame;

a first seat attachment housing disposed adjacent the first front wheel support frame:

a second seat attachment housing disposed adjacent the second front wheel support frame;

a first seat attachment adapter coupled to the first seat attachment housing at a second vertical position of the stroller frame that is below the first vertical position, ~~wherein the first seat attachment adapter is removable from the first seat attachment housing~~ when the first upper tube support frame is substantially parallel with the first front wheel support frame;

a second seat attachment adapter coupled to the second seat attachment housing at a third vertical position of the stroller frame that is below the first vertical position, ~~wherein the second seat attachment adapter is removable from the second seat attachment housing~~ when the second upper tube support frame is substantially parallel with the second front wheel support frame;

wherein the first seat is coupled along the first upper tube support frame and the second upper tube support frame and wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter.

18.    (Currently Amended) The stroller of claim 17, wherein each of the first seat attachment adapter and the second seat attachment adapter comprises:

6

BJvU-0003090

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Final Office Action mailed April 28, 2021

a first end comprising a connector portion ~~configured to be~~ coupled to one of the first seat attachment housing and the second seat attachment housing; and

a distal second end, wherein the second seat is removably coupled to the second end.

19.    (Original) The stroller of claim 17, further comprising a handle comprising a first end coupled to the first upper tube support frame and a distal second end coupled to the second upper tube support frame.

20.    (Original) The stroller of claim 17, further comprising:

a third seat attachment adapter coupled to the first upper tube support frame; and

a fourth seat attachment adapter coupled to the second upper tube support frame;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

7

BJvU-0003091

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Application of: | ) | |
| | ) | |
| **John Hee Lee, et al.** | ) | Confirmation No.: **8948** |
| | ) | |
| Application No.: **16/832,429** | ) | Art Unit: **3618** |
| | ) | |
| Filed: **March 27, 2020** | ) | Examiner: **James M. Dolak** |
| | ) | |
| For: **Removable Seat Attachment for a Stroller** | ) | Attorney Docket No.: **34757-2430** |
| | ) | |
| | ) | |
| | ) | |

## AMENDMENT AND RESPONSE TO ADVISORY ACTION

**Via EFS-Web**

Mail Stop AF

Commissioner for Patents

P.O. Box 1450

Alexandria, VA  22313-1450

Dear Examiner Dolak:

This Amendment and Response is submitted in response to the Advisory Action ,ailed July 15, 2021, and the Final Office Action mailed April 28, 2021.  A Request for Continued Examination (RCE) and fee are concurrently filed with this paper. In light of the amendments and remarks included herein, it is respectfully asserted that all pending claims are patentable, and it is respectfully requested that this application be allowed.

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

I hereby certify that this correspondence is being electronically filed via EFS-WEB to Mail Stop AF, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, Attn: Examiner Dolak, GAU 3618, on July 28, 2021.

_____/Christopher J. Chan/_____

Christopher J. Chan

Reg. No. 44,070

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

## AMENDMENTS TO THE CLAIMS

Please amend the claims as shown below.  This listing of claims will replace all prior versions and listing of claims for this application.

1.       (Currently Amended) A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a first front wheel support frame <u>rotatably</u> adjusted <u>to be substantially parallel</u> with respect to the first upper tube support frame <u>when the stroller frame is unfolded from a folded configuration</u>;

a second front wheel support frame <u>rotatably</u> adjusted <u>to be substantially parallel</u> with respect to the second upper tube support frame <u>when the stroller frame is unfolded from a folded configuration</u>;

a first back wheel support frame rotated with respect to the first upper tube support frame; and

a second back wheel support frame rotated with respect to the second upper tube support frame;

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame;

a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position~~, wherein the first seat attachment adapter is removable from the first front wheel support frame~~;

a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position~~, wherein the second seat attachment adapter is removable from the second front wheel support frame~~;

wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position and wherein the second vertical position and the third vertical position are at a same vertical height.

2

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

2.    (Original) The stroller of claim 1, further comprising:

a first seat attachment housing disposed adjacent the first front wheel support frame at the second vertical position;

a second seat attachment housing disposed adjacent the second front wheel support frame at the third vertical position;

wherein the first seat attachment adapter is coupled to the first seat attachment housing and the second seat attachment adapter is coupled to the second seat attachment housing.

3.    (Original) The stroller of claim 2, wherein the first seat attachment housing extends into the first front wheel support frame and the second seat attachment housing extends into the second front wheel support frame.

4.    (Original) The stroller of claim 2, wherein each of the first seat attachment adapter and the second seat attachment adapter has a first end and a distal second end.

5.    (Original) The stroller of claim 4, wherein the first end comprises a connector portion and is coupled to one of the first seat attachment housing and the second seat attachment housing.

6.    (Previously Amended) The stroller of claim 4, wherein the second seat is removably coupled to the second end.

7.    (Original) The stroller of claim 1, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

8.    (Original) The stroller of claim 1, further comprising:

a third seat attachment adapter coupled to the stroller frame at the first vertical position; and

3

BJvU-0003206

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

a fourth seat attachment adapter coupled to the stroller frame at the first vertical position;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

9.      (Original) The stroller of claim 1, further comprising a handle comprising a first end coupled to the first upper tube support frame and a distal second end coupled to the second upper tube support frame.

10.     (Currently Amended) A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration;

a back wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration; and

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame;

a first seat attachment adapter coupled to the front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position, wherein the first seat attachment adapter is removable from the front wheel support frame;

a second seat attachment adapter coupled to the front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position, wherein the second seat attachment adapter is removable from the front wheel support frame;

wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position.

4

BJvU-0003207

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

11.    (Original) The stroller of claim 10, wherein the front wheel support frame comprises a first front wheel support frame member and a second front wheel support frame member.

12.    (Original) The stroller of claim 10, wherein the back wheel support frame comprises a first back wheel support member and a second back wheel support member.

13.    (Original) The stroller of claim 10, further comprising:

a first seat attachment housing disposed adjacent the front wheel support frame at the second vertical position;

a second seat attachment housing disposed adjacent the front wheel support frame at the third vertical position;

wherein the first seat attachment adapter is coupled to the first seat attachment housing and the second seat attachment adapter is coupled to the second seat attachment housing.

14.    (Previously Amended) The stroller of claim 13, wherein each of the first seat attachment adapter and the second seat attachment adapter comprises:

a first end comprising a connector portion coupled to one of the first seat attachment housing and the second seat attachment housing; and

a distal second end, wherein the second seat is removably coupled to the second end.

15.    (Original) The stroller of claim 10, wherein the first seat is one of a baby seat, a car seat, a stroller seat, a bassinet, a baby carrier, or a pram and the second seat is one of a second baby seat, a second car seat, a second stroller seat, a second bassinet, a second baby carrier, or a second pram.

16.    (Original) The stroller of claim 10, further comprising:

a third seat attachment adapter coupled to the first upper tube support frame at the first vertical position; and

5

BJvU-0003208

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

a fourth seat attachment adapter coupled to the second upper tube support frame at the first vertical position;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

17.    (Currently Amended) A stroller, comprising:

a stroller frame comprising:

a first upper tube support frame;

a second upper tube support frame;

a first back wheel support frame;

a second back wheel support frame;

a first front wheel support frame;

a second front wheel support frame;

a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled to the stroller frame at a first vertical position of the stroller frame;

a first seat attachment housing disposed adjacent the first front wheel support frame:

a second seat attachment housing disposed adjacent the second front wheel support frame;

a first seat attachment adapter coupled to the first seat attachment housing at a second vertical position of the stroller frame that is below the first vertical position~~, wherein the first seat attachment adapter is removable from the first seat attachment housing~~ when the first upper tube support frame is substantially parallel with the first front wheel support frame when the stroller frame is unfolded from a folded configuration;

a second seat attachment adapter coupled to the second seat attachment housing at a third vertical position of the stroller frame that is below the first vertical position~~, wherein the second seat attachment adapter is removable from the second seat attachment housing~~ when the second upper tube support frame is substantially parallel with the second front wheel support frame when the stroller frame is unfolded from a folded configuration;

wherein the first seat is coupled along the first upper tube support frame and the second upper tube support frame and wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter.

6

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

18.    (Currently Amended) The stroller of claim 17, wherein each of the first seat attachment adapter and the second seat attachment adapter comprises:

a first end comprising a connector portion ~~configured to be~~ coupled to one of the first seat attachment housing and the second seat attachment housing; and

a distal second end, wherein the second seat is removably coupled to the second end.

19.    (Original) The stroller of claim 17, further comprising a handle comprising a first end coupled to the first upper tube support frame and a distal second end coupled to the second upper tube support frame.

20.    (Original) The stroller of claim 17, further comprising:

a third seat attachment adapter coupled to the first upper tube support frame; and

a fourth seat attachment adapter coupled to the second upper tube support frame;

wherein the first seat is removably coupled to the third seat attachment adapter and the fourth seat attachment adapter.

BJvU-0003210

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

## REMARKS

Applicant and the undersigned thank Examiner Dolak for the careful review of this application. In the present Final Office Action, claims 1-20 are rejected. In response to the Advisory Action and After Final Consideration Pilot 2.0 (AFCP) Decision mailed July 15, 2021, Applicant submits these additional amendments and response with a Request for Continued Examination (RCE) and fee concurrently filed with this paper.

Without admitting to the propriety of the rejections and to facilitate examination of the application, Applicant amends independent claims 1, 10, and 17, and dependent claim 18, to clarify the scope of the claimed subject matter.  The amendments to the claims are supported by the specification and drawing figures 8A to 8H and do not introduce new matter.  Upon entry of these amendments, claims 1-20 remain pending in the application.  In view of these amendments and remarks, Applicant respectfully asserts that the rejections are now made moot and reconsideration and allowance of the application is respectfully requested.

Unless explicitly stated otherwise, none of the amendments to the claims were made for reasons substantially related to the statutory requirements for patentability.  Furthermore, unless otherwise stated, the amendments to the claims were made simply to express that which had been implicit in the claims as originally worded and therefore, are not narrowing amendments that would create any prosecution history estoppel.

### I.     Request to Examiner Interview

Prior to the mailing of any further Office Actions, Applicant requests the courtesy of an examiner interview via telephone to discuss any remaining issues of patentability.  The Examiner is invited to contact the Applicant's attorney, Christopher J. Chan, at 404.853.8049 to schedule the interview.

### II.    Double Patenting

Claims 1-20 were rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-13 of U.S. Patent No. 10,730,543. Upon allowance of any claims in the present application, the Applicant will agree to file a terminal disclaimer to overcome this rejection.

8

BJvU-0003211

### III.   Claim Rejections Under 35 U.S.C. §112

The Office Action rejected claims 1-20 for allegedly being indefinite.  Without admitting to the propriety of the rejections and to facilitate examination of the application, claims 1, 10, 17, and 18 are amended to clarify the scope of the claimed subject matter.  For example, claims 1, 10 and 17 are believed to be amended to clarify the scope of the Office Action indicated claim elements of, "adjusted/rotated with respect to".  Further, claim 18 is amended to omit the respective terms "configured to be".  The rejections are believed to be traversed.

### IV.   Claim Rejections Under 35 U.S.C. §103

In the Office Action, claims 17, 18, and 20 were rejected under 35 U.S.C. §103(a) as allegedly being unpatentable over U.S. Patent No. 7,475,900 B2 to Cheng ("Cheng") in view of U.S. Patent No. 6,286,844 B1 to Cone ("Cone").  The Office Action also rejected claims 1-16 under 35 U.S.C. §103(a) as allegedly unpatentable over Cheng in view of U.S. Patent No. D593,459S to Liao ("Liao"), and in further view of Cone. Applicant traverses the rejections of the pending claims.

Without admitting to the propriety of the rejections and to facilitate examination of the application, Applicant's independent claim 1 is amended to clarify the scope of the claimed subject matter.  For example, claim 1 is amended to include the elements of, "a first front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration; a second front wheel support frame rotatably adjusted to be substantially parallel with respect to the second upper tube support frame when the stroller frame is unfolded from a folded configuration; … a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position; a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position" (underlining supplied solely to indicate newly amended text).  Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

Further, claim 10 is amended to include the elements of, "a front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration; a back wheel support frame

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration … a first seat attachment adapter coupled to the front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position; a second seat attachment adapter coupled to the front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position" (underlining supplied solely to indicate newly amended text).   Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

　　　　Moreover, claim 17 is amended to include the elements of, "a first seat attachment adapter coupled to the first seat attachment housing at a second vertical position of the stroller frame that is below the first vertical position when the first upper tube support frame is substantially parallel with the first front wheel support frame when the stroller frame is unfolded from a folded configuration; a second seat attachment adapter coupled to the second seat attachment housing at a third vertical position of the stroller frame that is below the first vertical position when the second upper tube support frame is substantially parallel with the second front wheel support frame when the stroller frame is unfolded from a folded configuration" (underlining supplied solely to indicate newly amended text).   Support for the amendments can be found in the Applicant's originally filed application at p. 13, line 18 to p. 14, line 8, and Figures 8A to 8H.

　　　　By contrast, the stroller frames in the cited references Cheng and Cone only include folded or curved frame or tube structures being described as upper tube and lower or front wheel support frames by the Office Action. For example, the frame elements 41 and 42 in Cheng do not appear to be substantially parallel to each other when the stroller frame is unfolded from a folded configuration, but instead appear to be substantially folded with respect to each other when the stroller frame is extended or unfolded.  Further, the frame elements 51 and 52 in Cone do not appear to be substantially parallel to each other, but instead appear to be substantially curved with respect to each other when the stroller frame is extended or unfolded.  Since the frame elements of Cheng and Cone are either folded or curved, which inhibit the ability of the respective stroller frames to be able to elevate one seat in a much higher position the other seat when being attached to the stroller frames.  The substantially parallel construction of the Applicant's claimed embodiments, permits the frame to be able to elevate one seat in a much

10

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

higher position the other seat when being attached to the stroller frame.  While Liao appears to have certain frame elements in a substantially parallel orientation, Liao appears to only show seats in a relatively level orientation with each other, wherein one seat is not higher than the other seat, thus teaching away from the Applicant's claimed embodiments wherein one seat is positioned higher than the other seat.

Since each and every element of the Applicant's amended independent claims 1, 10, and 17 is neither taught nor suggested by the cited references, either alone or in combination with each other, then claims 1, 10, and 17 should be allowable over the cited references.


**V.       Dependent Claims 2-9, 11-16, and 18-20**

Applicant submits that the above-identified dependent claims are allowable because the independent claims from which they ultimately depend are patentable over the cited references. The additional cited reference, namely Liao, does not cure the deficiencies of the cited references Cheng and Cone. Applicant also respectfully traverses the Office Action's assertions about these claims and submits that the recitations of these dependent claims are of patentable significance. Applicant respectfully requests that the Examiner reconsider and withdraw the pending rejections of claims 2-9, 11-16, and 18-20.


**VI.      NO WAIVER**

All of Applicant's arguments presented herein are without prejudice or disclaimer. Additionally, Applicant has merely discussed example reasons that the pending claims are allowable. Other reasons may exist and Applicant reserves the right to discuss these additional reasons in a later response or on appeal, if appropriate, in this or another related application.  By not responding to additional statements made by the Office Action, such as what is taught by each cited reference or alleged to have been obvious in view of the cited references, Applicant does not acquiesce to the Office Action's additional statements. The example reasons discussed by Applicant are sufficient to overcome the mentioned rejections.


**CONCLUSION**

The foregoing is submitted as a full and complete response to the Advisory Action dated July 15, 2021 and the Final Office Action dated April 28, 2021. Applicant and the undersigned

BJvU-0003214

U.S. Patent Application Serial No.: 16/832,429
Amendment and Response to Advisory Action mailed July 15, 2021

thank Examiner Dolak for the consideration of these amendments and remarks. In view of the amendments to the claims and the submitted remarks, Applicant respectfully requests reconsideration and withdrawal of the outstanding rejections. Applicant further submits that the application is now in condition for allowance and earnestly solicits timely notice of the same. Should the Examiner have any questions, comments, or suggestions in furtherance of the prosecution of this application, the Examiner is invited to contact the undersigned at the telephone number below.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those which may otherwise be provided for in documents accompanying this response. However, in the event that additional extensions of time are necessary to allow consideration of this response, such extensions are hereby petitioned under 37 C.F.R. §1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 19-5029.

Respectfully submitted,

**/Christopher J. Chan/**

Christopher J. Chan
Reg. No. 44,070

DATE: **July 28, 2021**

EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8049
Facsimile: (404) 853-8806

Attorney Docket No.: **34757-2430**

12